■ ISMAEL OLAN, Respondent, v FARRELL LINES INCORPORATED, Appellant. — Order of the Supreme Court, New York

County (Leonard N. Cohen, J.), entered October 25, 1982, which denied defendant-appellant's motion for summary judgment dismissing the complaint, is reversed, on the law, without costs, and summary judgment dismissing the complaint is granted to the defendant.

Plaintiff was an employee of defendant Farrell Lines. In 1978, while aboard ship, performing his daily maintenance chores (part of his general duties), plaintiff fell. Plaintiff testified at his EBT that he was cleaning the overhead bulkhead in a clean, dry, internal stairwell, which required that he reach above his head to reach this overhead bulkhead. He testified that the vessel rolled, causing him to lose his balance and fall, although he also admitted that the vessel was not rolling heavily at the time. After this fall (he had been on the fifth stair from the bottom), plaintiff was given some pills and Ben-Gay and he returned to work. He continued to work for the duration of the voyage and continued to clean the same stairway daily. According to the EBT, plaintiff never complained about the stairway's condition. An action was filed in May, 1979 and defendant moved for summary judgment dismissing the complaint. This motion was granted by default, but the default was reopened by the plaintiff with the defendant's consent. The motion for summary judgment was resubmitted by defendant and plaintiff's attorney submitted an attorney's affirmation in opposition. The Supreme Court denied the motion, finding issues of fact which required adjudication.

Summary judgment should be granted where there is no material issue of fact. (See *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065.) Plaintiff's attorney, in his attorney's affirmation in opposition to the summary judgment, presents no such issue. Instead, he presents conclusory allegations, e.g., should plaintiff have been told to change his manner of cleaning (wear a safety belt, use a long-handled brush). Plaintiff never said that a safety belt was needed, nor did plaintiff show that he could not have gotten a long-handled brush. In addition, plaintiff stated at his EBT that there was nothing wrong with the stairway on the morning of the accident, and that he continued to clean the bulkhead the same way for the rest of the voyage. Nor did plaintiff complain to the ship's captain or his union delegate.

The Court of Appeals has said:

"[W]here the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action * * * and the submission of a

hearsay affirmation by counsel alone does not satisfy this requirement."

"Such [a bare] affirmation by counsel is without evidentiary value and thus unavailing [citations omitted]. His speculation as to what would 'doubtless' appear at the trial is patently inadequate to establish the existence of a factual issue requiring a trial". (*Zuckerman v City of New York,* 49 NY2d 557, 560, 563.) Concur — Kupferman, J. P., Sullivan, Asch, Milonas and Alexander, JJ.