■ Ruth Cwick, Individually and as Administratrix of the Estate of Edward W. Cwick, Deceased, Appellant, v City of Rochester et al., Defendants, and Great Lakes Dredge & Dock Company et al., Respondents. (And a Third-Party Action.)

(Appeal No. 1.) — Appeal from so much of order as dismisses plaintiff's second cause of action unanimously dismissed as moot and otherwise order affirmed, without costs. Memorandum: Plaintiff's intestate, Edward W. Cwick, died on the bottom of Lake Ontario three or four miles off Durand Eastman Beach while doing underwater work in connection with a sewer outfall pipe owned and maintained by defendant City of Rochester. In her further amended complaint dated October 9, 1980, plaintiff alleges that Cwick was a member of the crew of the barge *Cherokee*, that he "was a seaman aiding in navigation on said vessel in navigable waters and was working as a diver", and that he was under the direction, control and supervision of the general contractor referred to herein as "the Joint Venture" (defendants Great Lakes Dredge & Dock Co., Dunbar & Sullivan Dredging Co., and Great Lakes-Dunbar-Rochester, a Joint Venture) and, more particularly, under the direction, control and supervision of an employee of the Joint Venture, the foreman or captain of the *Cherokee,* a vessel owned by the Joint Venture. The further amended complaint of October 8, 1980 contains four causes of action: the first alleging negligence against the City of Rochester and Black & Veatch, professional engineers retained by the city, and a violation of the Jones Act (US Code, tit 46, § 688) against the Joint Venture; the second against the Joint Venture alleging a breach of the warranty of seaworthiness; the third against all defendants alleging strict products liability; and the fourth against all defendants alleging violations of the New York State Labor Law, the Rules of the Board of Standards and Appeal, and various regulations of the Occupational Safety and Health Administration (OSHA). On motion of the Joint Venture, Special Term dismissed the second, third and fourth causes of action pursuant to CPLR 3211 (subd [a], par 7) in an order dated February 27, 1981 and plaintiff appeals. On the argument of the appeal, plaintiff withdrew her third cause of action for strict products liability against all defendants. Plaintiff has been permitted to file a further amended complaint dated March 10, 1981 containing additional allegations with respect to the second cause of action against the Joint Venture alleging a breach of the warranty of seaworthiness. In a related appeal (see *Cwick v City of Rochester* [appeal No. 2], 107 AD2d 1074), we find the further amended complaint dated March 10, 1981 to be sufficient and reverse the order dated May 6, 1983 dismissing it pursuant to CPLR 3211 (subd [a], par 7). Plaintiff's appeal from so much of the instant order as dismisses the second cause of action of the complaint of October 8, 1980, alleging a breach of the warranty of seaworthiness, is, therefore, dismissed as moot.

Special Term properly dismissed the fourth cause of action alleging violations of the New York State Labor Law, the Rules of the Board of Standards and Appeals and various OSHA regulations. There can be no question that plaintiff's complaint alleges a maritime tort. Cwick, it is alleged, was a seaman aiding in navigation and more or less permanently attached to the crew of the barge *Cherokee* in navigable waters. The *Cherokee* was owned by the Joint Venture and Cwick, it is claimed, was under the direction, control and supervision of the Joint Venture and, particularly, its employee, the captain of the *Cherokee*. That the accident happened on the lake bottom while Cwick was engaged in underwater work does not make it any less a maritime tort. The significant allegations are that Cwick was injured while working in connection with his service on the *Cherokee* and while he was a member of its crew (see *Gutierrez v Waterman S. S. Corp.*, 373 US 206, 214-215; *O'Donnell v Great Lakes Co.*, 318 US 36, 42-43; 11 NY Jur 2d, Boats, Ships and Shipping, § 154, pp 208-209).

Because plaintiff has alleged a maritime tort the "matter was not of mere local concern * * * but had direct relation to navigation and commerce * * * *The rights and liabilities of the parties arose out of and depended upon the general maritime law and could not be enlarged or impaired by the state statute*" (*Robins Dry Dock Co. v Dahl*, 266 US 449, 457; emphasis added). Statutes such as the New York State Labor Law are, therefore, inapplicable (see *Robins Dry Dock Co. v Dahl, supra*) because their enforcement would destroy the uniformity of the maritime law (see 11 NY Jur 2d, Boats, Ships and Shipping, § 154, p 207).

Because the Coast Guard possesses exclusive jurisdiction over work regulations on navigable waters (US Code, tit 14, § 2; 33 CFR 2.05-25 [a]), OSHA regulations are inapplicable (*Clary v Ocean Drilling & Exploration Co.*, 609 F2d 1120, 1122). (Appeal from order of Supreme Court, Monroe County, John J. Conway, J. — dismiss causes of action.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.