RUTH CWICK, Individually and as Administratrix of the Estate of EDWARD W. CWICK, Deceased, Appellant, v CITY OF ROCHESTER et al., Defendants, and GREAT LAKES DREDGE & DOCK COMPANY et al., Respondents. (And a Third-Party Action.) (Appeal No. 2.) — Order unanimously reversed, without costs, and motion denied. Memorandum: On motion of defendant Joint Venture pursuant to CPLR 3211 (subd [a], par 7), Special Term improperly dismissed the second cause of action in the further amended complaint dated March 10, 1981, alleging a breach of

the warranty of seaworthiness. Plaintiff's further amended complaint of March 10, 1981 reasserts the allegations of her complaint of October 8, 1980 pertaining to Cwick's connection with the barge *Cherokee* and the happening of the accident. These allegations make the tort maritime for purposes of determining her rights against the Joint Venture (see *Cwick v City of Rochester* [appeal No. 1], 107 AD2d 1072). In her second cause of action in the March 10, 1981 complaint, plaintiff alleges, *inter alia:*

"24. Upon information and belief, the [Joint Venture] as owner and also lessee of the vessel Cherokee breached certain warranties of seaworthiness, and the said vessel Cherokee was unseaworthy with respect to its parts and appurtenances and work area of the decedent and conditions of the job; and/or amounted to conditions which were not reasonably safe for their intended purpose, which were all causally related to the decedent's death, more particularly:

"A) Failing to provide a reasonably safe place for decedent to perform his duties as will be set forth more specifically herein;

"B) Failing to provide proper, safe and adequate gear and equipment as will be set forth more specifically herein;

"C) Failing to maintain vessel's gear, lines, shackles and appurtenances in a proper and seaworthy condition as will be set forth more specifically herein;

"D) Failing to properly and adequately inspect the vessel's gear, lines, shackles, parts and appurtenances as will be set forth more specifically herein;

"E) Supplying for decedent's use unsafe, dangerous, unseaworthy gear, lines, shackles, appurtenances as will be set forth more specifically herein;

"F) Failing to warn decedent of the defective conditions of the vessel, gear, lines, shackles, appurtenances as will be set forth more specifically herein;

"G) Failing to provide decedent with a safe and seaworthy vessel, appliances, gear and appurtenances as will be set forth more specifically herein."

In reversing the Appellate Division and holding that a complaint sufficiently stated a cause of action for breach of the warranty of seaworthiness, the Court of Appeals in *Pedersen v Manitowoc Co.* (25 NY2d 412, 418) stated: "In addition to the employer's obligation of due care, owners have also traditionally been obligated to maintain seaworthy vessels, and if defects in the hull, equipment, or structure cause injury to a seaman the owner will be liable for breach of the warranty of seaworthiness

where, of course, no proof of negligence is required (*Riley* v. *Agwilines, Inc.*, 296 N. Y. 402; *Seas Shipping Co.* v. *Sieracki*, 328 U. S. 85)." The allegations here are comparable to those in the *Pedersen* complaint and are clearly sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7). The warranty of seaworthiness may extend to those injured while not actually aboard the vessel (see *Gutierrez v Waterman S. S. Corp.*, 373 US 206, 214-215) and has been invoked on behalf of crew members killed or injured while engaged in underwater work (see *Savard v Marine Contr.*, 471 F2d 536, cert den *sub nom. Savard v Perini Corp.*, 412 US 943; *Weeks v Alonzo Cothron, Inc.*, 466 F2d 578). (Appeal from order of Supreme Court, Monroe County, John J. Conway, J. — dismiss causes of action.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.