■ RUTH CWICK, Individually and as Administratrix of the Estate of EDWARD W. CWICK, Deceased, Appellant, v CITY OF ROCHESTER, Respondent, et al., Defendants. (And a Third-Party Action.) (Appeal No. 3.) — Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from an order granting summary judgment dismissing her complaint against the City of Rochester. On the argument of the appeal plaintiff withdrew, as against the defendant city, the first cause of action alleging negligence and the third cause of action alleging strict products liability. The fourth cause of action based on violations of the New York State Labor Law, the Rules of the Board of Standards and Appeal, and alleging various OSHA violations was also properly dismissed (see *Cwick v City of Rochester* [appeal No. 1], 107 AD2d 1072). Plaintiff has alleged a maritime tort and the rule as stated in *Robins Dry Dock Co. v Dahl* (266 US 449, 457) applies to her claims against defendants who are strangers to the employment relationship as well as to claims against Cwick's employer (see *Lindsay v McDonnell Douglas Aircraft Corp.*, 460 F2d 631, 635; *Schaeffer v Michigan-Ohio Nav. Co.*, 416 F2d 217, 221; see, also, *Sieracki v Seas Shipping Co.*, 149 F2d 98, 99-100, affd 328 US 85). (Appeal from order of Supreme Court, Monroe County, John J. Conway, J. — dismiss causes of action.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.

■ RUTH CWICK, Individually and as Administratrix of the Estate of EDWARD W. CWICK, Deceased, Appellant, v CITY OF ROCHESTER, Defendant; GREAT LAKES DREDGE & DOCK COMPANY et al., Appellants, and BLACK & VEATCH, Respondent. (Appeal No. 4.) — Order and judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term improperly granted summary

judgment dismissing the cause of action in negligence and the cross claim by the Joint Venture against Black & Veatch, an engineering firm hired by the city to perform services relating to improvements to the city's sewer system (see *Cwick v City of Rochester,* [appeal No. 1], 107 AD2d 1072). Black & Veatch's resident engineer was conducting on-site observations of the work and was present when the accident forming the basis of this lawsuit occurred. An examination of the record reveals triable issues of fact with respect to the cause of action asserted against Black & Veatch in ordinary negligence (the principles of which have been accepted as part of the general maritime law; see, generally, *Cooper Stevedoring Co. v Fritz Kopke, Inc.,* 417 US 106; *Pope & Talbot v Hawn,* 346 US 406). Based on contracts, documents and oral examinations, it appears that Black & Veatch may have had some degree of responsibility for supervision of the work, for examination of materials and equipment, and for giving instructions to the contractor with respect to certain matters including equipment and methods used, safety procedures and underwater operations. Thus, we disagree with Special Term that under no view of the facts could Black & Veatch owe a duty to decedent to see that he was not exposed to a dangerous situation. We affirm the dismissal of the other causes of action against Black & Veatch. The third cause of action asserting a claim in strict products liability has been withdrawn. For reasons stated in a related appeal (see *Cwick v City of Rochester* [appeal No. 1], *supra*), the fourth cause of action is without merit. The cross claim against Black & Veatch for apportionment of liability asserted by the Joint Venture was improperly dismissed and is reinstated (see, generally, *Cooper Stevedoring Co. v Fritz Kopke, Inc., supra*, a maritime law case applying the principle of contribution between joint tort-feasors; see, also, *United States v Reliable Transfer Co.,* 421 US 397). (Appeal from order and judgment of Supreme Court, Monroe County, John J. Conway, J. — dismiss causes of action.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.