■ RUTH CWICK, Individually and as Administratrix of the Estate of EDWARD W. CWICK, Deceased, Plaintiff, v CITY OF ROCHESTER et al., Defendants. GREAT LAKES DREDGE & DOCK COMPANY et al., Third-Party Plaintiffs-Appellants, v BEV MORGAN, Doing Business as MORGAN SYSTEMS, Third-Party Defendant-Respondent. (Appeal No. 5.) — Order unanimously affirmed, without costs. Memorandum: Holding that there was a lack of personal jurisdiction, Special Term, pursuant to CPLR 3211 (subd [a], par 8), dismissed the third-party action brought by the Joint Venture (see *Cwick v City of Rochester* [appeal No. 1], 107 AD2d 1072) against Bev Morgan, a California resident

who allegedly designed the diving mask plaintiff's intestate was wearing at the time of his death. On appeal, third-party plaintiff limits the issue to whether personal jurisdiction exists under CPLR 302 (subd [a], par 3, cl [ii]). We affirm. There is no evidence contradicting Morgan's averments that he derived no revenue from interstate commerce; thus, the requirements of this section have not been met (see *Parker v Green,* 63 AD2d 977). There is no need to consider third-party plaintiff's argument that the activities of Kirby-Morgan Corp., by whom Morgan was employed, should be attributed to Morgan for purposes of finding jurisdiction. In any event there is no evidence that Kirby-Morgan Corp. derived substantial revenue from interstate commerce. (Appeal from order of Supreme Court, Monroe County, John J. Conway, J. — dismiss causes of action.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.