■ JOAN CHARLES, Also Known as JOAN GARLIN, Respondent, v U.S. FLEET LEASING et al., Appellants

The question of whether the plaintiff has made a prima facie showing of a serious injury within the meaning of Insurance Law § 5102 (d) should be determined by the court in the first instance as a matter of law *(see, Licari v Elliott,* 57

NY2d 230, 237; *Songer v Henry W. Muthig, Inc.,* 131 AD2d 657). The defendants' motion for summary judgment was supported by the pleadings and a report of the plaintiff's treating physician which indicated that the injuries suffered by the plaintiff were not permanent and further that the plaintiff's "[p]rognosis for complete recovery is excellent". Moreover, it is undisputed that the plaintiff was disabled for less than 90 days. In opposition to the defendants' motion, the plaintiff offered only her attorney's affidavit, which was without evidentiary value *(see, Olan v Farrell Lines,* 105 AD2d 653, *affd* 64 NY2d 1092). Under the circumstances, the plaintiff failed to raise a triable issue as to whether the injuries she suffered met the threshold requirements for serious injury within the meaning of the statute *(see, Songer v Henry W. Muthig, Inc., supra; Ingles v Yurchak,* 125 AD2d 452; *Popp v Kremer,* 124 AD2d 720). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.