■ DONATA GUILMETTE, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant.—Order, Supreme Court, New York County (Kenneth Shorter, J.), entered September 4, 1985, which denied defendant's motion for summary judgment pursuant to CPLR 3212, unanimously reversed, on the law, the motion granted, and the complaint dismissed, without costs.

Plaintiff was employed as a telephone operator with defendant New York Telephone Company from 1946 until 1958 and again from 1969 until January 20, 1975, when she was dismissed, after several warnings, for excessive absences. She brought this action seeking disability pay under defendant's accident and sickness disability plan, as well as a deferred vested pension under defendant's pension benefit plan.

A review of the undisputed facts conclusively establishes that plaintiff is ineligible for either of these benefit plans. The disability plan requires that an applicant suffer a total disability and be employed by the company for 15 years or more. That plaintiff's disability, a 20% binaural hearing loss, does not constitute a total disability is apparent from her receipt of workers' compensation benefits after her termination. Labor Law § 591 (2) provides: "No benefits shall be payable to any claimant who is not capable of work or who is not ready, willing and able to work in his usual employment or in any other for which he is reasonably fitted by training and experience."

Moreover, plaintiff concedes that at the time of her dismissal she had only 14 years and 6 months of service credit with defendant, which is not only fatal to her claim for disability benefits, but also makes her ineligible for the deferred vested pension plan, since that benefit likewise requires at least 15 years of employment.

Finally, we note that, in opposing defendant's motion for summary judgment, plaintiff relied solely upon an attorney's affirmation alleging the existence of triable issues of fact. It is well settled that "where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence

of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement." *(Zuckerman v City of New York,* 49 NY2d 557, 560.)

Moreover, the affirmation submitted by plaintiff's attorney consisted solely of conclusory allegations which were insufficient to raise a material issue of fact. *(Olan v Farrell Lines,* 105 AD2d 653, *affd* 64 NY2d 1092.)

Accordingly, defendant's motion should have been granted. Concur—Sandler, J. P., Sullivan, Kassal, Rosenberger and Smith, JJ.