■ ARLENE A. TIBAK, Individually and as Executrix of ALBERT A. TIBAK, Deceased, et al., Appellants, v CITY OF NEW YORK, Respondent and Third-Party Plaintiff-Respondent. SIMPSON AND BROWN, INC., Third-Party Defendant-Respondent.— Order of the Supreme Court, New York County (Herman Cahn, J.), entered on or about March 22, 1989, which, resettling a prior order of the same court dated November 30, 1988, granted, *inter alia,* defendant City of New York's motion for summary judgment dismissing the complaint pursuant to CPLR 3212, is unanimously affirmed, without costs or disbursements.

Defendant City of New York had hired third-party defendant Simpson and Brown, Inc. to rehabilitate Pier 97 at West 57th Street in Manhattan. Plaintiff's decedent, Albert Tibak, a dockbuilder employed by third-party defendant Simpson and Brown, Inc., was killed when he was struck by a steel beam

which fell from a crane operated by a coemployee. The crane was located on a barge owned by Simpson and Brown, floating in the Hudson River adjacent to the pier.

Plaintiff brought this action alleging the decedent was not furnished with proper safety devices, a violation of the New York State Labor Law. The IAS court granted defendant City of New York's motion for summary judgment, finding plaintiff's claim was exclusively governed by Federal maritime law since the accident occurred on navigable waters and the renovation of the pier had a significant relationship to traditional maritime activities.

Plaintiffs' contention that the record before the IAS court was insufficient to support the court's decision is without merit. Sworn deposition testimony, as well as official city documents attached to the moving papers, provided evidentiary proof in admissible form (see, Olan v Farrell Lines, 64 NY2d 1092; Zuckerman v City of New York, 49 NY2d 557, 563). This was opposed by plaintiffs solely by an affirmation of an attorney without personal knowledge, which is insufficient to defeat such a motion (see, Olan v Farrell Lines, 105 AD2d 653, affd 64 NY2d 1092, supra).

Whether Federal maritime law governs is determined by whether the accident had a maritime location and a significant relationship to traditional maritime activity (see, Executive Jet Aviation v City of Cleveland, 409 US 249). As the IAS court found, the record shows decedent was on a barge, on navigable waters within the United States, engaged in renovating a pier for the use of Department of Sanitation barges, when the accident occurred. Thus, the case is governed by general maritime law and the Longshoremen's and Harbor Workers' Compensation Act (33 USC § 901 et seq.), and the provisions of the New York State Labor Law under which the action was brought do not apply since the rights and liabilities of the parties under the general maritime law cannot be enlarged or impaired by State statute (see, Robins Dry Dock Co. v Dahl, 266 US 449; Cwick v City of Rochester, 107 AD2d 1072, 1074). Concur—Kupferman, J. P., Ross, Asch, Kassal and Rosenberger, JJ.