■ Adwoa Odi et al., Appellants, v Lifetouch, Inc., Respondent. [825 NYS2d 712]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated January 16, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Adwoa Odi (hereinafter the plaintiff) alleged that she fell off a table used as a posing platform at the defendant's photography studio when she attempted to reposition herself as instructed by the photographer. However, it was undisputed that the table, which was approximately four feet by four feet square and, according to one witness, "the height of a chair," was not defective. It was also undisputed that the plaintiff fell off of the table due to her own actions and movements.

Contrary to the plaintiffs' contention, the defendant, through its attorney's affirmation, deposition transcripts, and other proof, sufficiently established a prima facie entitlement to judgment as a matter of law dismissing the complaint (*see Olan v Farrell Lines,* 64 NY2d 1092 [1985]; *Tibak v City of New York,* 154 AD2d 313 [1989]), thereby shifting the burden to the plaintiffs to produce sufficient evidentiary proof in admissible form to show the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). In opposition, the plaintiffs, through their attorney's affirmation, which was the sole opposition to the motion and relied on the same evidence that was submitted in support of the motion, failed to raise a triable issue of fact as to whether the plaintiff was solely responsible for falling off of the platform or whether the accident was attributable to negligence on anyone's part other than the plaintiff's own (*see Zuckerman v City of New York, supra; Braithwaite v Equitable Life Assur. Socy. of U.S.,* 232 AD2d 352 [1996]). Accordingly, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.