■ GENEVA GRIFFIN, Respondent, v WILKARM PROPERTIES, INC., Appellant, and CITY OF NEW YORK et al., Respondents.

[630 NYS2d 341] —In an action to recover damages for personal injuries, the defendant Wilkarm Properties, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated May 23, 1994, as denied its motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against it and granted the branch of the cross motion of the defendant Emilo Opallo doing business as Opallo Sea Food which was for summary judgment dismissing the cross claim of the defendant Wilkarm Properties, Inc., against it.

Ordered that the order is modified by deleting the provision thereof granting the branch of the cross motion of the defendant Emilo Opallo d/b/a Opallo Sea Food which was for summary judgment dismissing the cross claim of the defendant Wilkarm Properties, Inc., against it and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the cross claim of the defendant Wilkarm Properties, Inc., is reinstated insofar as it is asserted against the defendant Emilo Opallo d/b/a Opallo Sea Food.

Wilkarm Properties, Inc. (hereinafter Wilkarm), did not meet its initial burden in establishing its entitlement to summary judgment as it submitted only the self-serving affidavit of its President rather than the opinion of an expert as to the condition of the sidewalk where the accident in question occurred (see, e.g., Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Furs Mfrs., 46 NY2d 1065, 1067-1068). However, Wilkarm's submission of a copy of its lease with Emilo Opallo d/b/a Opallo Sea Food (hereinafter Opallo) for the premises at 642 Nostrand Avenue in Brooklyn, which abutted the sidewalk where the accident occurred, was sufficient to defeat the branch of Opallo's cross motion which was for summary judgment dismissing the cross claim of Wilkarm, against it. An ambiguous indemnification clause in the lease, not discussed by the court, left unresolved whether Opallo is obligated to indemnify Wilkarm for any damages ultimately awarded to the plaintiff. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.