■ ABIGAIL ARONSON, Respondent, v HORACE MANN-BARNARD SCHOOL et al., Appellants. [637 NYS2d 410] —Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered September 8, 1995, which denied defendants' motion for summary judgment, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the action as to them.

It is undisputed that plaintiff, a high school senior, was an experienced swimmer and diver, who was familiar with the depth of the water at the shallow end of her school's pool and had repeatedly dived into the pool using both the diving board at the deep end and the racing platforms at the shallow end. Approximately a half hour before her scheduled class, while practicing for a 50-yard underwater swim, and during her sixth or seventh attempt to perform a "racing" or "shallow" dive from the racing blocks at the shallow end, she apparently misexecuted the dive, causing her head to strike the bottom of the pool.

While there is no evidence that plaintiff was reckless, there is evidence that she was negligent and it was her negligence in executing the dive that was the sole cause of her injuries. Horace Mann-Barnard merely owed plaintiff the same duty of care as would be exercised by a reasonably prudent parent under comparable circumstances. At best, its actions merely furnished the occasion for the accident, which is not tantamount to proximate cause.

Although it is ordinarily for the trier of facts to determine legal cause, where only one conclusion may be drawn from the established facts, such issue may be decided as a matter of law. In this case, the record eliminates any legal cause of plaintiff's injuries other than her own negligence and, accordingly, defendants are entitled to summary judgment dismissing the complaint. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Mazzarelli, JJ.