■ P.W.B. Enterprises, Inc., Appellant, v Ark Management Corp., Also Known as Ark Restaurants Corp., et al., Respondents, et al., Defendants. [641 NYS2d 645] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about March 22, 1995, which, *inter alia*, granted defendant Ark Management's cross motion for partial summary judgment dismissing plaintiff's claim for punitive damages, and order of the same court and Justice entered October 31, 1995, which, to the extent appealable, denied plaintiff's motion to renew, unanimously affirmed, with costs.

Punitive damages are available not to remedy private wrongs, but to vindicate public rights and where a defendant's conduct evinces a "high degree of moral turpitude" which demonstrates "such wanton dishonesty as to imply a criminal indifference to civil obligations", such exemplary damages may be available (*Walker v Sheldon*, 10 NY2d 401, 405; *Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613). Fully crediting plaintiff's allegations that, *inter alia*, defendants caused and/or permitted the water damage to the portion of the premises leased by plaintiff, ultimately leading to the loss of plaintiff's business, there is no allegation of harm directed at the public generally, or that defendants' acts or omissions, although negligent and intolerable, were done wilfully or with malicious

intent to force plaintiff out of any part of the premises. We note that plaintiff's principal acknowledged that defendants had no such motive. Contrary to plaintiff's other contention, the IAS Court did not improvidently exercise its discretion in conditionally striking defendants' answer for a failure to comply with outstanding discovery within the stated period and denying plaintiff's request for attorneys' fees. We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Williams and Tom JJ. [As amended by unpublished order entered Aug. 1, 1996.]