■ P.W.B. ENTERPRISES, INC., Appellant-Respondent, v MOKLAM ENTERPRISES, INC., et al., Respondents-Appellants, and BELLKEY MAINTENANCE CORP. et al., Respondents, et al., Defendants. [663 NYS2d 163] —Order, Supreme Court, New York

County (Stuart Cohen, J.), entered May 7, 1997, which dismissed plaintiff's damage claims for renovation costs and loss of rental value, and denied cross motions for summary judgment with respect to plaintiff's claims for loss of profits, unanimously affirmed, without costs.

Plaintiff's claims for damages based upon the costs of its initial renovations were properly dismissed since such costs were offset by rent concessions and part of the initial consideration for entering into the lease. Nor can plaintiff seek to recover the cost of restoring the premises since it vacated the site. Moreover, plaintiff presented no evidence of amounts expended for repairs that might have been recoverable.

Plaintiff's claim for damages resulting from lost rental value was also properly rejected. Such value is measured by "the diminution in the rental or usable value of the premises caused by the trespass" (*Eisen v County of Westchester*, 69 AD2d 895, *lv denied* 48 NY2d 602), and the prospective subtenant was willing to accept the premises despite its condition.

The court properly found the existence of triable issues of fact regarding plaintiff's claim for damages from lost profits. Such claim "may not be merely speculative, possible or imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes" (*Kenford Co. v County of Erie*, 67 NY2d 257, 261). Although defendants presented evidence that plaintiff's rehearsal studio failed due to mismanagement and market conditions, prior court determinations found conditions in the building to be such as to make defendants liable in damages for trespass and negligence for plaintiff's partial constructive eviction (221 AD2d 184).

Finally, this Court's decision in *Liberman v Riverside Mem. Chapel* (225 AD2d 283) does not warrant departure from our prior orders affirming the dismissal of claims for punitive damages (*P.W.B. Enters. v Ark Mgt. Corp.*, 227 AD2d 104, *lv dismissed* 89 NY2d 861). Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ.