◼ JOHN B. GARRETT, JR., Appellant, v JAMES C. OHLSEN et al., Respondents. [722 NYS2d 432] —Crew III, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered December 27, 1999 in Albany County, which, *inter alia*, denied plaintiff's motion for summary judgment.

On September 21, 1994, plaintiff and defendants James C. Ohlsen, James R. Jacobs, Charles Chamberlain and John J. Brophy (hereinafter collectively referred to as defendants) entered into a contract for the sale of defendant John B. Garrett, Inc. (hereinafter the Company), a medical supply company. The purchase price was determined by combining the value of accounts receivable not older than 90 days, the invoice cost for inventory not greater than four months old, 50% of the invoice cost for inventory greater than four months old but not yet eight months old and $170,226.35, less accounts payable and the outstanding balance, up to $150,000, of a loan owed to Key Bank. The agreement further provided that all moneys received from the sale of "excess inventory" and "excess accounts receivable" would be placed in an escrow account and the proceeds, less certain stated costs, would be paid to plaintiff.

In 1996, plaintiff commenced the instant action seeking money damages for breach of contract and an accounting on the ground that defendants failed to establish the escrow account provided for in the contract. Following joinder of issue, plaintiff obtained certain back-up tapes from the Company's computer system and, based upon a review thereof, moved for summary judgment asserting that he was owed $283,866. In support of his motion, plaintiff submitted the computer gener-

ated inventory figures, a spreadsheet prepared by him applying the inventory figures to the purchase price formula, and an affidavit by his son, the former comptroller of the Company, averring that the figures provided by plaintiff were accurate.

Defendants opposed the motion and cross-moved for summary judgment asserting, *inter alia*, that plaintiff had breached the contract by improperly inflating the inventory figures used to calculate the purchase price and by failing to fully disclose the Company's liabilities. In response to the cross motion, plaintiff submitted a reply affidavit, in which he conceded that he owed defendants $48,710.36, but explained that he had not paid such sum because of a claimed debt-reduction credit. Supreme Court denied plaintiff's motion and granted defendants partial summary judgment for the $48,710.36 that plaintiff conceded he owed. Plaintiff now appeals.

Initially, we disagree with plaintiff's contention that his evidentiary submissions were sufficient to establish his prima facie entitlement to summary judgment. Such evidence was self-serving, conclusory and devoid of expert opinion averring that the data submitted was correct and explaining how the claimed damages were determined (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534). Moreover, even assuming that plaintiff made out a prima facie case, defendants raised a genuine issue of fact with evidence that the computer figures utilized by plaintiff were grossly inflated.

Next, we disagree with plaintiff's contention that Supreme Court erred in its interpretation of the phrase "excess inventory" used in the sales contract. The record reveals that much of the Company's inventory was obsolete at the time of sale and, as a result, its value, for purposes of the purchase price, was arrived at by using a sliding scale. Specifically, the purchase price included 100% of the cost of inventory not greater than four months old and 50% of the cost of inventory greater than four months old but less than eight months old. The contract then provided that the proceeds received from the sale of "excess inventory" would be placed in escrow and the net proceeds thereof remitted to plaintiff. It seems patently clear, as Supreme Court found, that "excess inventory" is inventory greater than eight months old. We have considered plaintiff's remaining contentions and find them equally without merit.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.