■ DAVID THORNE, Appellant, v CAULDWELL TERRACE CONSTRUCTION CORP. et al., Respondents. [880 NYS2d 357]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 12, 2007, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Carlbourt Construction Corp.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Carlbourt Construction Corp. is denied.

The plaintiff allegedly slipped and fell in a shower in an apartment in a building owned by the defendant Carlbourt Construction Corp. (hereinafter Carlbourt), and sustained injuries when his right hand and arm went through the glass shower door. The plaintiff then commenced this action against Carlbourt and three related corporations to recover damages for personal injuries. After joinder of issue and completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Carlbourt on the

ground that Carlbourt did not have actual or constructive notice of any defect in the glass door of the shower in the subject apartment. The Supreme Court granted that branch of the defendants' motion. The plaintiff appeals, and we reverse.

Through their attorney's affirmation, to which was annexed, among other things, deposition testimony of the building's superintendent, the defendants established Carlbourt's prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it with evidence that it did not have actual or constructive notice of the alleged defect in the shower door of the plaintiff's apartment (*see Miguel v SJS Assoc., LLC,* 40 AD3d 942, 944 [2007]; *Perlongo v Park City 3 & 4 Apts., Inc.,* 31 AD3d 409 [2006]; *see also Olan v Farrell Lines,* 64 NY2d 1092 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]; *Odi v Lifetouch, Inc.,* 35 AD3d 420 [2006]).

However, in opposition, the plaintiff raised triable issues of fact as to whether the building was governed by the Building Code of the City of New York, and whether the glass shower door that injured him violated several provisions of the New York City Building Code, including Administrative Code of the City of NY § 27-651, which governs glass shower doors (*see Elliott v City of New York,* 95 NY2d 730, 737 [2001]).

In reply, the defendants, who indicated in their moving papers that the building had been constructed in the 1960s, submitted a document purporting to indicate that the building had been constructed in 1939, and thus was not subject to the New York City Building Code, which became effective in 1968. Contrary to the plaintiff's contention, the Supreme Court properly considered this document, as it was submitted in response to the plaintiff's argument regarding the New York City Building Code, which, as it appears on this record, the plaintiff raised for the first time in opposition to the defendants' motion (*see Matter of Kennelly v Mobius Realty Holdings LLC,* 33 AD3d 380, 381-382 [2006]; *Dannasch v Bifulco,* 184 AD2d 415, 417 [1992]; *cf. Batista v Santiago,* 25 AD3d 326 [2006]). However, the Supreme Court erred in relying on the document. It was an application filed with the Tax Commission of the City of New York to reduce the tax assessment of the subject building, signed and sworn to by a vice president of Carlbourt, and was the equivalent of a self-serving affidavit that was insufficient to establish Carlbourt's entitlement to summary judgment (*see Garrett v Ohlsen,* 282 AD2d 807 [2001]; *Griffin v Wilkarm Props.,* 218 AD2d 639 [1995]). Prudenti, P.J., Miller, Eng and Belen, JJ., concur.