JOHN P. BOSTANY, Respondent, v TRUMP ORGANIZATION LLC et al., Appellants. [931 NYS2d 280]—

Where the record evidence showed that the subject building was known as the Trump Building, that plaintiff was induced to sign the lease by an executive vice-president of Trump Organization, that the lease was actually signed by Donald Trump (albeit on behalf of 40 Wall), that employees of Trump Organization dealt directly with plaintiff and contractors regarding the leaks and repairs, and plaintiff's testimony that certain rent payments were made to Trump Organization, summary judgment was properly denied, based on issues of fact as to the relationship between Trump Organization and 40 Wall (*Fogel v Hertz Intl.*, 141 AD2d 375, 376 [1988]).

Summary judgment was properly denied as to the seventh cause of action for partial constructive eviction, as plaintiff has established issues of fact as to whether defendants' allegedly wrongful acts "substantially and materially deprive[d] [him] of the beneficial use and enjoyment of the premises" (*Pacific Coast Silks, LLC v 247 Realty, LLC*, 76 AD3d 167, 172 [2010] [citation and internal quotation marks omitted]). Although in cases of partial eviction the tenant's refusal to pay rent constitutes an election of remedies, and the tenant has no claim for damages, a tenant who elects to remain in possession and pay the rent after a partial eviction may claim damages from his lessor which include consequential damages (*see Frame v Horizons Wine & Cheese*, 95 AD2d 514, 519 [1983]). Thus, plaintiff has not foreclosed all other remedies in this case, and the issue becomes one of proof (*see P.W.B. Enters. v Moklam Enters.*, 243 AD2d 350 [1997]).

Plaintiff's proof, which included a subtenant loss report, subtenant affirmations, and letters of complaint sent by plaintiff to an executive of Trump Organization, has established issues of fact that defendants may have repaired, but failed to rectify, the subject problem, in accordance with article 66.01 of the lease rider, even after the July 5, 2005 and April 2, 2007 settlement agreements. Thus, summary judgment was properly denied with respect to the fifth (breach of the lease), sixth (restitution), ninth (breach of the covenant of quiet enjoyment), and twelfth (indemnification) causes of action. Based on the foregoing, defendants' request to dismiss the counterclaims in the nonpayment proceeding, which duplicate the causes of action for breach of the lease, breach of quiet enjoyment and indemnification, was also properly denied.

We find, however, that the following claims are subject to dismissal. The third cause of action for unjust enrichment is barred by the breach of contract claim (*see Adelaide Prods., Inc. v BKN Intl. AG*, 38 AD3d 221, 225-226 [2007]). The eighth cause of action for partial actual eviction fails, as defendants did not physically expel or exclude plaintiff from the premises (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82 [1970]). Plaintiff has not established a sufficient factual basis for the tenth (loss of business) and eleventh (negligence—mold) causes of action. The thirteenth cause of action (tortious interference with business) fails as plaintiff does not show that defendants' alleged interference with a subtenant was motivated solely by malice, or effected by unlawful means (*see Matter of Pamilla v Hospital for Special Surgery*, 223 AD2d 508, 509 [1996]). The fourteenth cause of action for a declaratory judgment as to rescission of the subject lease is dismissed as academic, as it is undisputed that the lease had expired and plaintiff vacated the subject premises.

There is no need at this juncture to conduct a hearing to determine attorneys' fees and costs, or to permit defendants' motion to amend the petition to include subsequently accruing rent (*see 501 Seventh Ave. Assoc. v 501 Seventh Ave. Bake Corp.*, 2002 NY Slip Op 50362[U] [Civ Ct, NY County 2002]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.