■ JOHN P. BOSTANY, Appellant, v TRUMP ORGANIZATION LLC et al., Respondents. [5 NYS3d 98]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered August 1, 2014, awarding defendants the total sum of $587,915.47, unanimously affirmed, without costs. Order, same court and Justice, entered on or about December 10, 2013, after a bench trial, to the extent it awarded attorneys' fees to defendants and referred the issue to a referee, unanimously reversed, without costs, on the law, and the award of attorneys' fees vacated.

The trial court correctly concluded that plaintiff failed to prove his damages. Plaintiff's testimony was refuted in part by defendants' log of visitors to the premises, and otherwise failed to establish that plaintiff was " 'substantially and materially deprive[d] . . . of the beneficial use and enjoyment of the premises' " (Pacific Coast Silks, LLC v 247 Realty, LLC, 76 AD3d 167, 172 [1st Dept 2010], quoting Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83 [1970]).

Furthermore, in calculating damages, the court properly rejected the testimony of plaintiff's witness regarding any dim-

inution in the value of the premises, particularly as to sub-lessees, since he had never visited the premises, had limited experience in commercial real estate, and admitted that he was not qualified to value the space for purposes of subleasing, which plaintiff maintained was 79% of the space. The remaining evidence did not suffice to prove the diminution in value.

While the court did not separately address the claim of partial constructive eviction, plaintiff sought the same damages for partial constructive eviction as for breach of the covenant of quiet enjoyment. Thus, any separate damages award would have been duplicative (*see Phoenix Garden Rest. v Chu*, 245 AD2d 164, 166 [1st Dept 1997]). Indeed, plaintiff acknowledges that on these facts the same damages calculation applies to both claims (*see Bostany v Trump Org. LLC*, 88 AD3d 553 [1st Dept 2011]).

The court erred in awarding defendants attorneys' fees. The lease and rider allow for defendants to recover attorneys' fees but not for defending against their failure to make repairs. Moreover, defendants were not the prevailing party. Although they largely prevailed in obtaining unpaid rent, they did not obtain the judgment of eviction they sought, and the court found them liable on all plaintiff's claims, and awarded abatements to plaintiff on two of his claims (*see Sykes v RFD Third Ave. I Assoc., LLC*, 39 AD3d 279 [1st Dept 2007]; *Mosesson v 288/98 W. End Tenants Corp.*, 294 AD2d 283, 284 [1st Dept 2002]). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Kapnick, JJ.