■ MURRAY SCHWARTZ, Respondent, v HOTEL CARLYLE OWNERS CORPORATION et al., Appellants, et al., Defendant. (And Another Action.) [10 NYS3d 35]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered August 11, 2014, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's claim for breach of the covenant of quiet enjoyment against defendant Hotel Carlyle Owners Corporation (Hotel) and his claims for trespass, conversion and punitive damages against all defendants, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff, the owner of a residential suite in the Carlyle Hotel, alleges that, following a water leak that occurred in July 2011, the Hotel's agents trespassed in his apartment and converted specified items of personal property, and that the Hotel breached the covenant of quiet enjoyment in the proprietary lease.

Defendants demonstrated entitlement to dismissal of the trespass claim because the proprietary lease for the apartment permits the Hotel to enter the apartment for purposes of assessing leak damage and making repairs. Defendants further demonstrated that their agents left the apartment as soon as plaintiff objected. Since the essence of a trespass is intentional entry onto the property of another without justification or permission (see *Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 101 AD3d 853, 855 [2d Dept 2012]), plaintiff's allegations that the Hotel's agents mishandled his drapery and otherwise exacerbated the conditions caused by the leak do not support a trespass claim.

With respect to the conversion claim, defendants demonstrated an absence of any evidence that any of them, as opposed to plaintiff's own agents, were responsible for taking plaintiff's personal property or that they were currently in possession of it (see *Republic of Haiti v Duvalier*, 211 AD2d 379,

384 [1st Dept 1995]). Defendants also demonstrated that plaintiff received full compensation from his insurer for the value of all items that he claimed were missing, and plaintiff provided no evidence in opposition to raise an issue of fact as to any additional uncompensated loss (*see Matter of Rothko*, 56 AD2d 499, 503 [1st Dept 1977], *affd* 43 NY2d 305 [1977]).

As for plaintiff's remaining claim, in actions for damages for breach of the covenant of quiet enjoyment, a tenant must show an ouster, or if the eviction is constructive, an abandonment of the premises (*Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117, 121 [1958]). Constructive or actual eviction requires that "there must be a wrongful act by the landlord which deprives the tenant of the beneficial enjoyment or actual possession of the demised premises" (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82 [1970]). Significantly, plaintiff's negligence claim against the Hotel was previously dismissed, and he does not allege that the Hotel caused the water damage, but only that its agents caused some additional harm to personal property after the flood and that the Hotel delayed his ability to make repairs.

Defendants submitted an affidavit of the Hotel's director of finance with invoices demonstrating that plaintiff was credited with a rent abatement from August 2011 through April 2012, and that plaintiff thereafter failed to make any payments of monthly maintenance pursuant to the proprietary lease. Defendants also demonstrated that plaintiff received compensation from his insurer for additional living expenses while the apartment was uninhabitable, even though his primary and secondary residences are elsewhere, and that any delays in completing repairs to the apartment after April 2012 were not due to any unreasonable conduct on the part of the Hotel. In opposition to defendants' prima facie showing, plaintiff provided no evidence that he had any uncompensated damages resulting from his inability to resume residence after the flood, and did not raise an issue of fact as to whether any wrongful act on the part of the Hotel prolonged his alleged inability to resume residence (*see Barash*, 26 NY2d at 82).

In any event, plaintiff's failure to pay rent "constitutes an election of remedies," so that he has no claim for damages (*Frame v Horizons Wine & Cheese*, 95 AD2d 514, 518 [2d Dept 1983]; *see Bostany v Trump Org. LLC*, 88 AD3d 553, 554 [1st Dept 2011]). This legal argument, raised by defendants on appeal, appears on the face of the record and can therefore be reviewed (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]).

Plaintiff's claim for punitive damages does not survive the dismissal of the substantive claims and, in any event, is insufficient since he has not alleged or provided any evidence that defendants acted in a morally reprehensible manner (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 315-316 [1995]). Concur—Mazzarelli, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.