■ TDS Leasing, LLC, Doing Business as 815 Yonkers Avenue Series of TDS Leasing, et al., Appellants, v Emanuel Tradito et al., Respondents. [51 NYS3d 96]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), dated September 11, 2014, as denied the motion of the plaintiff Milton Rainford for summary judgment on the issue of liability on the cause of action alleging breach of the covenant of quiet enjoyment and granted the defendants' cross

motion, in effect, for summary judgment dismissing that cause of action insofar as asserted by him.

Ordered that the appeal by the plaintiff TDS Leasing, LLC, doing business as 815 Yonkers Avenue Series of TDS Leasing, is dismissed, without costs or disbursements, as it is not aggrieved by the order appealed from (*see* CPLR 5511; *Palomeque v Capital Improvement Servs., LLC*, 145 AD3d 912 [2016]; *Hatton v Lara*, 142 AD3d 1047, 1048 [2016]); and it is further,

Ordered that, on the appeal by the plaintiff Milton Rainford, the order is modified, on the law, by deleting the provision thereof granting the defendants' cross motion, in effect, for summary judgment dismissing the cause of action alleging breach of the covenant of quiet enjoyment insofar as asserted by him, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from by the plaintiff Milton Rainford, without costs or disbursements.

In August 2007, the plaintiff TDS Leasing, LLC, doing business as 815 Yonkers Avenue Series of TDS Leasing (hereinafter TDS), leased commercial space in Yonkers from the defendants Maria Tradito and Emanuel Tradito. On September 1, 2007, TDS sub-leased the premises to the plaintiff Milton Rainford. The plaintiffs were evicted from the premises in June 2008, and subsequently commenced this action alleging, inter alia, breach of the lease. Thereafter, TDS assigned its causes of action to Rainford. Rainford moved for summary judgment on the issue of liability on the cause of action alleging breach of the covenant of quiet enjoyment, and the defendants cross-moved, in effect, for summary judgment dismissing that cause of action. The Supreme Court denied Rainford's motion and granted the defendants' cross motion. We modify.

"In actions for damages for breach of the covenant of quiet enjoyment, a tenant . . . must show an ouster, or if the eviction is constructive, an abandonment of the premises" (*Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117, 121 [1958]; *see Matter of O'Donnell*, 240 NY 99, 104 [1925]; *Genovese Drug Stores, Inc. v William Floyd Plaza, LLC*, 63 AD3d 1102, 1104 [2009]; *Duane Reade v Reva Holding Corp.*, 30 AD3d 229, 237 [2006]). However, "the tenant must perform the conditions precedent to maintain the action for breach of the covenant of quiet enjoyment, unless there was a waiver of those conditions" (*Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d at 121; *see Dance Magic, Inc. v Pike Realty, Inc.*, 85 AD3d 1083, 1088 [2011]).

Here, the Supreme Court properly denied Rainford's motion

for summary judgment on the issue of liability on the cause of action alleging breach of the covenant of quiet enjoyment. Rainford failed to meet his prima facie burden of demonstrating that he performed all of the conditions precedent to maintain the action or that "there was a waiver of those conditions" (*Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d at 121; *see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Since Rainford failed to meet his prima facie burden, it was unnecessary to determine whether the papers submitted in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court erred in granting the defendants' cross motion, in effect, for summary judgment dismissing the cause of action alleging breach of the covenant of quiet enjoyment insofar as asserted by Rainford. The defendants argued that the plaintiffs failed to perform a condition precedent to this cause of action insofar as the plaintiffs failed to pay real estate taxes while they were in possession of the premises as required by the subject lease. However, in support of their cross motion, the defendants submitted only their conclusory and self-serving affidavits, which were insufficient to establish their prima facie entitlement to judgment as a matter of law (*see Thorne v Cauldwell Terrace Constr. Corp.*, 63 AD3d 826, 827 [2009]; *Griffin v Wilkarm Props.*, 218 AD2d 639 [1995]; *cf. Matter of Agai v Diontech Consulting, Inc.*, 138 AD3d 736 [2016]; *Rashid v Estevez*, 47 AD3d 786, 788 [2008]). Accordingly, the court should have denied the defendants' cross motion regardless of the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.

Motion by the plaintiff Milton Rainford, inter alia, for this Court to take judicial notice of a decision of the Supreme Court, Westchester County, dated November 13, 2015. By decision and order on motion dated January 21, 2016, this Court held that branch of the motion in abeyance and referred that branch of the motion to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied.