87 Mezz Member LLC v German Am. Capital Corp. (2018 NY Slip Op 04511)





87 Mezz Member LLC v German Am. Capital Corp.


2018 NY Slip Op 04511


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6910 654279/16

[*1]87 Mezz Member LLC, et al., Plaintiffs-Appellants,
v
German American Capital Corporation, Defendant-Respondent.


Press Koral LLP, New York (Matthew J. Press of counsel), for appellants.
Ropes & Gray LLP, New York (Gregg L. Weiner of counsel), for respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered May 24, 2017, which granted defendant's motion to dismiss the complaint based on the documentary evidence and failure to plead a cause of action, unanimously affirmed, with costs.
The court correctly determined that, under the unambiguous language of the Additional Interest Agreement (AIA), an "Event of Default" within the meaning of the AIA occurred when plaintiff 87 Mezz Member LLC (87 Mezz) failed to make a payment under the Mezzanine Loan Agreement (the Loan Agreement) when due thereunder. Because the AIA uses the capitalized term "Event of Default" without defining it, the meaning of the term as used in the AIA is to be found in the Loan Agreement pursuant to section 1.1 of the AIA, which provides that "[a]ll capitalized terms used herein shall have the meanings assigned to such terms in the Loan Agreement." It is undisputed that 87 Mezz failed to make a payment when due under the Loan Agreement, and this failure constituted an "Event of Default" as defined in the Loan Agreement. Accordingly, as a matter of law, an "Event of Default" occurred under the AIA. The court also correctly determined that the AIA's liquidated damages provision may be given effect before the units of the subject property became individually saleable under the Condominium Act. 87 Mezz's remaining contentions concerning its liability for liquidated damages under the AIA, and the calculation of such damages, are unavailing.
Dismissal of plaintiffs' claim for breach of the implied covenant of good faith and fair dealing was also proper. Under the Loan Agreement, German American Capital Corporation (GACC) had a right to foreclose on its collateral. Moreover, neither the Loan Agreement nor the pre-negotiation agreement required GACC to permit plaintiffs to refinance the loans or to engage in negotiations with plaintiffs. As such, plaintiffs cannot use this claim to "nullify other express terms of a contract, or to create independent contractual rights" (Feeseha v TD Waterhouse Inv'r Servs., Inc., 305 AD2d 268, 268 [1st Dept 2003]; see also Baker v 16 Sutton Place Apt. Corp., 110 AD3d 479, 480 [1st Dept 2013]).
Finally, Supreme Court also properly dismissed plaintiffs' conversion claim as GACC possessed the right to foreclose on the collateral following 87 Mezz's failure to make the [*2]necessary payments at maturity, and therefore was not "unauthorized" in its possession of the collateral (Republic of Haiti v Duvalier, 211 AD2d 379, 384 [1st Dept 1995]; see also Schwartz v Hotel Carlyle Owners Corp., 132 AD3d 541, 542 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK