Kato Intl. LLC v Gerard Fox Law, P.C. (2021 NY Slip Op 03909)





Kato Intl. LLC v Gerard Fox Law, P.C.


2021 NY Slip Op 03909


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Index No. 652468/18 Appeal No. 14070-14071 Case No. 2020-02891 2020-04906 

[*1]Kato International LLC, Plaintiff-Respondent,
v
Gerard Fox Law, P.C. et al., Defendants-Appellants. 


Gerard Fox Law, P.C., New York (Vetone Ivezaj of counsel) and Gerard Fox Law, P.C., Los Angeles, CA (Marina V. Bogorad, of the bar of the State of California, admitted pro hac vice, of counsel), for appellants.
The Law Offices of Dan J. Schulman PLLC, New York (Dan J. Schulman of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about May 28, 2020, which, inter alia, granted plaintiff's motion for summary judgment as to liability on its claims, unanimously affirmed, without costs. Order, same court and Justice, entered on or about December 14, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion to vacate the note of issue, unanimously reversed, on the law and the facts, without costs, to vacate the note of issue to permit limited discovery on damages.
The motion court properly granted plaintiff's motion for summary judgment on its breach of lease and guaranty claims. Despite defendants' assertion of a fraud in the inducement defense, the alleged misrepresentations that the rent in the lease was below market rate and that the premises could be sublet easily, did not support a fraud claim. These alleged misrepresentations consisted of mere puffery, opinions of value, or future expectations (Sidamonidze v Kay, 304 AD2d 415 [1st Dept 2003]), and do not constitute material misstatements of present fact (see EBC I, Inc. v Goldman Sachs & Co., 91 AD3d 211, 220 [1st Dept 2011]). Furthermore, the questions of whether the rent was below market rate and whether the premises could be easily sublet do not require any particular knowledge on plaintiff's part that could not be discovered in the regular course by defendants. Defendants failed to provide any evidence of any efforts undertaken to ascertain the veracity of these statements (see e.g. Basis Yield Alpha Fund Master v Morgan Stanley, 136 AD3d 136, 141 [1st Dept 2015]).
In light of the motion court's acknowledgement that there were questions of fact as to damages, however, defendants' motion to vacate the note of issue should have been granted since the note of issue incorrectly stated that discovery was complete and defendants are entitled to discovery limited to the issues reserved for trial (see Ruiz v Park Gramercy Owners Corp., 182 AD3d 471 [1st Dept 2020]). As defendants point out, a trial on damages will require the court to resolve questions as to how plaintiff calculated the electricity charges billed to defendant tenant, despite plaintiff's alleged failure to install the contracted-for submeter, and when the premises were relet (see Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 187 AD3d 46, 55 [1st Dept 2020]). Because plaintiff's motion for summary judgment was filed less than a month after service of its reply to counterclaims, the action was stayed for eight months during the pendency of the motion (CPLR 3214[b]). Contrary to plaintiff's contention, the order directing the parties to participate in the Commercial Division's Alternative Dispute Resolution Program did not order the CPLR 3214(b) stay lifted. Under the
circumstances, it cannot be said that defendants waived their entitlement to discovery on the remaining issues.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021