MD3, Inc. v Selechnik (2021 NY Slip Op 06808)





MD3, Inc. v Selechnik


2021 NY Slip Op 06808


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 21078/14E, 43124/19E Appeal No. 14794 Case No. 2020-04389 

[*1]MD3, Inc., Plaintiff-Appellant,
v
Jacob Selechnik Doing Business as 1110 Wyatt LLC, et al., Defendants-Respondents. [and a Third-Party Action] 


Paskoff & Tamber, LLP, New York (Adam Paskoff of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (David Bloom of counsel), for respondents.



Order, Supreme Court, Bronx County (Rubén Franco, J.), entered on or about October 5, 2020, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendant's motion with respect to the second amended complaint's sixth, seventh, and eighth causes of action (all for breach of contract), and ninth, tenth, and eleventh causes of action (all for tortious interference with contract), and reinstate those causes of action only with respect to the purported March 2013 contract to sell the business and assign the lease to Joseph Urgo, and otherwise affirmed, without costs.
The court correctly dismissed plaintiff tenant's first, second, third, fourth, and fifth causes of action, all of which were for breach of contract, and plaintiff's twelfth, thirteenth, and fourteenth causes of action, all of which sought a declaratory judgment for partial actual eviction. Plaintiff's withholding of the rent and fee owed under the lease for the commercial space and advertising sign constituted an election of remedies, precluding its claim for other damages related to the alleged breach of lease and eviction (see Schwartz v Hotel Carlyle Owners Corp., 132 AD3d 541, 543 [1st Dept 2015]; Bostany v Trump Org. LLC, 88 AD3d 553, 554 [1st Dept 2011]). These causes of action were also properly dismissed because plaintiff lacks any concrete evidence showing business losses related to the removal of its advertising sign. Furthermore, because the declaratory judgment claims here are essentially duplicative of the contract claims, dismissal rather than a declaration in defendants' favor is the proper course (see KNIC LLC v New York City Economic Dev. Corp., 198 AD3d 481 [1st Dept 2021]).
Plaintiff's sixth, seventh, and eighth causes of action (for breach of contract), and ninth, tenth, and eleventh causes of action (for tortious interference with contract) are reinstated, but only with respect to the purported contract between plaintiff and Joseph Urgo regarding an assignment of the lease to Urgo and a potential sale to Urgo of plaintiff's business. The record shows that triable issues of fact exist as to these causes of action, as the testimony offered by plaintiff adequately alleges that such a contract existed and that defendants sought to interfere with it.
We have considered plaintiff's other contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021