Children's Magical Garden, Inc. v Marom (2022 NY Slip Op 07146)

Children's Magical Garden, Inc. v Marom

2022 NY Slip Op 07146

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 654960/19 Appeal No. 16894 Case No. 2022-00396 

[*1]Children's Magical Garden, Inc., Plaintiff-Respondent,
v
David Marom etc., et al., Defendants-Appellants.

Goldenberg Law, P.C., New York (Andrew R. Goldenberg of counsel), for appellants.
Bleichmar Fonti & Auld LLP, New York (Benjamin F. Burry of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered December 27, 2021, which granted plaintiff's motion for summary judgment as to liability on its cause of action for trespass, unanimously affirmed, with costs.
Since 1997, plaintiff, a not-for-profit group, has continuously operated a garden on lots 16 and 18 of property located at 157 Norfolk Street in Manhattan. In July 2013, plaintiff signed an agreement with New York City allowing it to continue operating the garden under the Department of Parks and Recreation's GreenThumb program, and it has remained the exclusive occupant of lots 16 and 18. In 2018, defendants entered the premises, disturbed plaintiff's equipment, and built more barricades, interfering with plaintiff's activities and preventing it from using the property.
Plaintiff established its prima facie entitlement to summary judgment by submitting evidence showing that the City had transferred exclusive possession and use of the property to plaintiff, and that defendants intruded on the property without plaintiff's permission (see Schwartz v Hotel Carlyle Owners Corp., 132 AD3d 541, 542 [1st Dept 2015]). In opposition, defendants failed to offer facts controverting these showings, nor did they justify their encroachment on lots 16 and 18.
We reject defendant's argument that because plaintiff was a licensee and not a lessee, it did not have standing to maintain a trespass action. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022