## Comfort Living Furniture Inc. v McDonald Design Furniture Inc.

2024 NY Slip Op 30905(U)

March 19, 2024

Supreme Court, Kings County

Docket Number: Index No. 504641/2018

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
---------------------------------------------x
COMFORT LIVING FURNITURE INC.,

                                Plaintiff,        Decision and order

        - against -                               Index No. 504641/2018

MCDONALD DESIGN FURNITURE INC. and 1571
HOLDING LLC,

                                Defendant,        March 19, 2024
---------------------------------------------x
1571 HOLDING LLC,

                                Third-Party Plaintiff,

            -against-

RYBAK DEVELOPMENT AND CONSTRUCTION CORP.,

                                Third-Party Defendant,
---------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                      Motion Seq. #8

        The defendant/third party plaintiff 1571 Holdings LLC has

moved pursuant to CPLR §3212 seeking summary judgement dismissing

the first cause of action of the amended complaint and to strike

the jury demand.  The plaintiff has opposed the motion.  Papers

were submitted by the parties and arguments held.  After

reviewing all the arguments this court now makes the following

determination.

## Background

        As recorded in prior orders in July 2001, Matthew Ferrigno

and Victoria Ferrigno leased their property located at 1571

McDonald Avenue, Brooklyn, NY to the defendant McDonald Design

Furniture for a duration of 100 years.  Located on this property

was a building ("the Store") and an adjacent large open area

("Lot").  In September 2011, defendant subleased the first floor

[*1]

of the store to Comfort Living Furniture for a duration of 10 years. Subsequently, in October 2012, defendant subleased the basement of the store to the plaintiff for a duration of 9 years. Prior to the defendant commencing excavating the lot, the defendant created a holding company called 1571 Holding LLC. In January 2018, a permit to excavate property was issued to 1571 Holding LLC. After excavation work commenced, plaintiff claims that due to negligence on behalf of the construction crew, the store experienced severe flooding which destroyed a significant portion of plaintiff's inventory, forced the plaintiff to close the store for a period of time, and forced the plaintiff to expend a significant amount of time and money in order to clean up the flooded area and to replace the destroyed merchandise. A lawsuit was commenced seeking damages for those losses sustained. The plaintiff has alleged two causes of action, namely breach of contract and negligence. The defendant 1571 Holding LLC has now moved seeking summary judgement regarding the breach of contract cause of action. The defendant argues that the breach of contract cause of action is based upon language in the lease that covenants peaceful and quiet enjoyment of the property upon the proper payment of rent. The defendant further argues that cause of action requires the tenant to demonstrate an eviction of the premises which never occurred. Furthermore, the defendant asserts the plaintiff did not pay rent and therefore the

2

[* 2]

condition precedent triggering the covenant of quiet enjoyment never occurred. As noted the motion is opposed.

## Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury (Aronson v. Horace Mann-Barnard School, 224 AD2d 249, 637 NYS2d 410 [1st Dept., 1996]). However, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Derdiarian v.Felix Contracting Inc., 51 NY2d 308, 434 NYS2d 166 [1980]).

The covenant of quiet enjoyment only applies if all conditions precedent have been satisfied and there has been no waiver of those conditions (TDS Leasing LLC v. Tradito, 148 AD3d 1079, 51 NYS3d 96 [2d Dept., 2017]). In Dance Magic Inc., v. Pike Realty Inc., 85 AD3d 1083, 926 AD2d 588 [2d Dept., 2011]) a tenant sought a claim for a breach of the covenant of quiet enjoyment following flooding in the premises. The court explained that "by the express terms of the lease, the plaintiffs were required to pay rent while remaining in possession of the subject premises as a condition precedent to receiving the benefit of quiet enjoyment of the premises...The plaintiffs paid

3

[*3]

rent for the subject premises through November 2007, but they failed to pay rent while retaining possession of the subject premises for a portion of December 2007. Since they remained in possession of the subject premises while not paying rent, the plaintiffs failed to satisfy the condition precedent in their lease, and are thereby precluded from claiming a breach of the covenant of quiet enjoyment" (id). Indeed, the failure to pay rent can only be deemed an election of remedies and consequently has no claim for a breach of the covenant of quiet enjoyment (Schwartz v. Hotel Carlyle Owner's Corp., 132 AD3d 541, 20 NYS3d 341 [1st Dept., 2015]). The plaintiff argues that they only stopped paying rent when the flooding occurred and they were partially evicted thereby. However, that excuse does not permit the tenant to not pay rent and still pursue claims of the breach of quiet enjoyment (see, 1590 Lexington LLC v. 1590 Corp., 53 Misc3d 155(A), 50 NYS3d 27 [Supreme Court, Appellate Term 2016]). Therefore, since the tenant chose not to pay rent the tenant cannot pursue a claim for quiet enjoyment.

Therefore, the motion seeking to dismiss this claim is granted.

So ordered.

ENTER:

DATED: March 19, 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

4

[* 4]