20 Broad St. Owner LLC v Sonder USA, Inc. (2024 NY Slip Op 04591)

20 Broad St. Owner LLC v Sonder USA, Inc.

2024 NY Slip Op 04591

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 653493/20 Appeal No. 2232 Case No. 2023-06145 

[*1]20 Broad Street Owner LLC, Plaintiff-Respondent,
v
Sonder USA, Inc., et al., Defendants-Appellants, Sonder Group Holdings LLC, et al., Defendants.

Goulston & Storrs PC, New York (Adam J. Safer and Justin D. Heller of counsel), for appellants.
Kucker Marino Winiarsky & Bittens, LLP, New York (Nativ Winiarsky of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.) entered on or about October 16, 2023, which, inter alia, granted plaintiff's motion for summary judgment dismissing defendants' affirmative defenses and counterclaims for constructive eviction, breach of the covenant of quiet enjoyment, frustration of purpose, casualty, breach of contract, breach of warranty of habitability, and conversion arising from the Legionella contamination in the building and declined to order further discovery, unanimously modified, on the law, to deny the motion as to defendants' counterclaim for breach of contract and grant discovery limited to the questions on damages left for the factfinder to resolve, and otherwise affirmed, without costs.
The motion court properly dismissed the counterclaims by defendant Sonder USA, Inc. (the tenant) for constructive eviction and breach of the covenant of quiet enjoyment based on the tenant's failure to establish that it abandoned the premises (Schwartz v Hotel Carlyle Owners Corp., 132 AD3d 541, 542 [1st Dept 2015]). Although the tenant asserts that it abandoned the premises no later than June 3, 2020, the September 9, 2020 surrender agreement relating to the seventh-floor units and October 13, 2020 letter surrendering the remaining units contradict this assertion. Contrary to the tenant's assertion, ceasing operations is insufficient because it remained in possession of the premises (see Broadway Copy Serv. v Broad-Wall Co., 77 AD2d 827, 828 [1st Dept 1980]). The tenant's continued possession also warrants dismissal of the breach of the covenant of quiet enjoyment claim (see Rivera v JRJ Land Prop. Corp., 27 AD3d 361, 364-365 [1st Dept 2006]) and defeats the frustration of purpose defense, "as the parties' respective duties were to pay rent in exchange for occupying the leased premises" (Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d 480,480 [1st Dept 2022]).
The motion court improperly dismissed defendants' breach of contract counterclaim. Initially, we agree with the motion court that the building's Legionella contamination did not constitute a casualty under article 14 of the lease (see Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577 [1st Dept 2021]). Although Legionella bacteria differs from COVID-19 in that it physically contaminates "the recirculated water of cooling tower systems that are not properly or regularly maintained" (24 RCNY 8-02) and therefore affects the physical premises. Legionella "is ubiquitous in aqueous environments," and cannot be said to be a singular event that caused damage depriving the tenant of access as contemplated by section 14.1 of the lease (24 RCNY 8-02).
However, the motion court did not address that part of the breach of contract counterclaim that related to plaintiff's failure to maintain the building's plumbing systems in good repair. We find that defendants' evidence of the Legionella contamination, which began prior to July 2020, raises an issue of fact [*2]as to whether plaintiff breached its obligation under section 10.1 of the lease to "maintain, repair and replace as necessary the Base Building Systems in good condition and repair in accordance with the standards appropriate to a first class mixed-use building." However, the tenant's decision to stop paying rent in July 2020 "constitutes an election of remedies, so that [it] has no claim for damages" which occurred past that date (Schwartz v Hotel Carlyle Owners Corp., 132 AD3d at 543).
The motion court properly dismissed defendants' conversion counterclaim. Section 20.1 of the lease permits plaintiff to draw down the letter of credit upon a monetary default by the tenant, without recourse to its other potential remedies, and plaintiff "demonstrated that it sustained damages as a result of [the tenant's] alleged breach so as to be entitled to retain the funds" (North Am. Airlines, Inc. v Wilmington Trust Co., 171 AD3d 616, 617 [1st Dept 2019]).
The breach of the warranty of habitability counterclaim was properly dismissed because it only applies to a tenant living in the apartment, not a commercial tenant like defendants herein (see e.g. Frisch v Bellmarc Mgt., 190 AD2d 383, 390 [1st Dept 1993] [even if claim could be asserted by a condominium owner, "plaintiff could not avail himself of the protection of the statutory warranty of habitability since he did not personally reside in the unit"]). We also modify the order to grant defendants' request for discovery, limited to the questions on damages left for the factfinder to resolve (see Kato Intl. LLC v Gerard Fox Law, P.C., 195 AD3d 516, 517 [1st Dept 2021]).
We have considered defendants' remaining contentions and find them unavailing.
The Decision and Order of this Court entered herein on May 9, 2024 is hereby recalled and vacated (see M-2024-02871 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024