■ DARRELL McGUIRE et al., Appellants, v TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN et al., Respondents. TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN, Sued Herein as TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Third-Party Plaintiff-Respondent, v OTIS ELEVATOR COMPANY, Third-Party Defendant-Respondent and Second Third-Party Plaintiff-Respondent. NORTH BERRY STRUCTURES, INC., Second Third-Party Defendant-Respondent. (And Another Action.) [743 NYS2d 868] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 28, 2001, which vacated plaintiffs' note of issue to the extent of directing compliance with specified discovery, unanimously affirmed, without costs.

Plaintiffs filed the note of issue on October 23, 2001. The next day a conference was held, after which the court issued an order directing plaintiffs, among other things, to provide all parties with certain medical authorizations within 10 days. The instant motion to vacate the note of issue was made on November 14, 2001, and was properly granted in view of plaintiffs' concession that they did not produce the authorizations. Plaintiffs do not claim compliance with the October 24 order. Instead, they point to earlier orders that assertedly are inconsistent with the October 24 order and imposed requirements on defendants that they failed to meet. However, the instant appeal does not bring up for review any prior orders (*cf.*, CPLR 5501, 5701). Accordingly, the court's order is affirmed and plaintiffs are directed to comply with the outstanding discovery order forthwith. Concur—Tom, J.P., Buckley, Ellerin and Gonzalez, JJ.