Greystone Staffing, Inc. v Green Key, LLC (2020 NY Slip Op 04928)





Greystone Staffing, Inc. v Green Key, LLC


2020 NY Slip Op 04928


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-05248
 (Index No. 4354/2012)

[*1]Greystone Staffing, Inc., appellant,
v
Green Key, LLC, etc., et al., respondents.


Horowitz Tech Law, P.C., New York, NY (Joshua J. Horowitz of counsel), for appellant.
Markowitz and Rabbach, LLP (Scott Markowitz and Shaub, Ahmuty, Citrin & Spratt, LLP, New York, NY [Christopher Simone], of counsel), for respondent Green Key, LLC.
Finkelstein & Feli, P.C., Garden City, NY (Michael S. Finkelstein of counsel), for respondents Wendy Warner and Jessa Niemeyer.



DECISION & ORDER
In a consolidated action, inter alia, for injunctive relief and to recover damages for misappropriation of trade secrets and confidential information, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered April 10, 2017. The order, insofar as appealed from, granted the separate motions of the defendants Green Key, LLC, Wendy Warner, and Jessa Niemeyer for summary judgment dismissing the amended complaint insofar as asserted against each of them, and, upon searching the record, awarded summary judgment dismissing the amended complaint insofar as asserted against the defendant Elaine Kawas.
ORDERED the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendants Green Key, LLC, Wendy Warner, and Jessa Niemeyer for summary judgment dismissing the amended complaint insofar as asserted against each of them are denied.
The plaintiff, Greystone Staffing, Inc. (hereinafter Greystone), alleges that it was "engaged in the highly competitive business of recruiting and providing personnel on temporary and permanent bases to its Customers." Green Key, LLC (hereinafter "Green Key"), is an alleged competitor of Greystone. The defendants Wendy Warner, Jessa Niemeyer, and Elaine Kawas (hereinafter collectively the individual defendants) were employees of Greystone, each of whom signed an employment contract which included, inter alia, restrictive covenants that applied during and after their employment with Greystone, and which also included provisions characterizing as "Trade Secret[s]" and "Confidential Information" certain information regarding Greystone's customers, including knowledge of each customer's particular staffing needs.
Greystone experienced financial difficulties, and filed for Chapter 11 bankruptcy in March 2009, and again in August 2010. It appears to be undisputed that Greystone is no longer in [*2]business, although the record is ambiguous as to when Greystone ceased operations.
Information produced during disclosure reflects that Green Key began communicating with Warner in December 2010, and with Niemeyer in "early 2011," about each of them potentially becoming employed by Green Key. Documents produced by Green Key reflect that Warner sent emails to Green Key in September and October 2011, attaching documents and notes relating to her work at Greystone and her intention to begin employment at Green Key.
Warner and Niemeyer each resigned from her employment with Greystone on November 15, 2011, and each began working for Green Key on November 21, 2011. Kawas was terminated from her employment with Greystone on January 13, 2012, and she began working for Green Key on January 24, 2012. Green Key represents that its first contact with Kawas regarding Kawas potentially becoming employed by Green Key was "[i]n or about January 2012."
Greystone commenced four separate actions, against Green Key, Warner, Niemeyer, and Kawas, which were subsequently consolidated. Greystone's amended complaint against Green Key asserts causes of action seeking to permanently enjoin Green Key from employing Kawas, Niemeyer, and Warner, and to enjoin Green Key from utilizing Greystone's confidential information, and alleging tortious interference with Greystone's business relationships with its customers, tortious interference with the employment contracts of Kawas, Niemeyer, and Warner, misappropriation of trade secrets, unjust enrichment, and unfair competition.
Greystone's amended complaints against Warner, Niemeyer, and Kawas each asserted causes of action alleging breach of contract based upon "various breaches" of the individual defendants' respective employment contracts, breach of fiduciary duty, unfair competition, breach of duty of loyalty, misappropriation of confidential information, and unjust enrichment, and seeking various forms of injunctive relief, including enjoining the individual defendants from using and retaining Greystone's confidential information, doing business with Greystone's customers, working at Green Key, or enticing Greystone's employees to leave Greystone's employment.
Green Key, Warner, and Niemeyer each separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them. In an order entered April 10, 2017, the Supreme Court, inter alia, granted each moving defendant's motion, and, upon searching the record, awarded summary judgment in favor of the nonmoving defendant, Kawas. Greystone appeals.
We disagree with the Supreme Court's determination that the moving defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them. The conclusory affidavits submitted by the moving defendants in support of their motions for summary judgment failed to eliminate triable issues of fact as to whether, inter alia, the moving defendants conspired among themselves to "usurp [Greystone's] corporate opportunities" and to "improperly use and disseminate [Greystone's] confidential information and trade secrets," as alleged by Greystone, and the moving defendants failed to articulate any cognizable legal argument which would entitle them to dismissal of Greystone's causes of action asserted against them. Because the moving defendants failed to meet their prima facie burdens, summary judgment should have been denied as to each of them regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853). Consequently, the court should not have searched the record and awarded summary judgment to Kawas.
Greystone's remaining contentions, pertaining to certain discovery-related orders issued by the Supreme Court dated April 19, 2016, and June 21, 2016, are not properly before this Court on this appeal (see CPLR 5501, 5701; McGuire v Tishman Const. Corp. of Manhattan , 295 AD2d 265, 266).
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court