Matter of Brenhouse (2021 NY Slip Op 08229)





Matter of Brenhouse


2021 NY Slip Op 08229


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-09322

[*1]In the Matter of Maitland Brenhouse, deceased. Howard E. Berman, etc., appellant; Valerie Mace, respondent. (File No. 1962-1224M)


Babchik & Young, LLP, White Plains, NY (Jack Babchik and Melissa C. Cartaya of counsel), for appellant.
Valerie Mace, Katonah, NY, respondent pro se.



DECISION & ORDER
In a proceeding to judicially settle a trustee's final account of a trust, the petitioner appeals from an order of the Surrogate's Court, Westchester County (Brandon R. Sall, S.), dated June 26, 2017. The order denied the petitioner's motion for summary judgment dismissing the objections of Valerie Mace to the final accounting for the trust created for the benefit of Elisabeth Brenhouse under the last will and testament of Maitland Brenhouse.
ORDERED that the order is affirmed, with costs.
In 1962, Maitland Brenhouse died testate. His last will and testament (hereinafter the will), as is relevant to this appeal, created a trust for the benefit of his daughter Elisabeth Brenhouse (hereinafter Elisabeth's trust). County Trust Company first served as trustee for Elisabeth's trust, which was then succeeded by the National Bank of Westchester. National Bank of Westchester became Chase Lincoln First Bank, N.A., and served as trustee until March 1991. There was no trustee for Elisabeth's trust from March 1991 until 2015. Upon a proceeding, in relevant part, to appoint the petitioner as the trustee for Elisabeth's trust, by decree dated June 23, 2015, inter alia, letters of trusteeship were issued to the petitioner. Two weeks later, on July 6, 2015, the petitioner made a mandatory distribution pursuant to the terms of the will and a discretionary distribution of the remaining principal of Elisabeth's trust, which, in effect, terminated the trust.
Thereafter, the objectant Valerie Mace, also a daughter of Maitland Brenhouse and a beneficiary of a trust under the terms of the will, commenced a proceeding to compel the petitioner to account for Elisabeth's trust. The Surrogate's Court granted her petition.
In 2016, the petitioner commenced this proceeding to judicially settle his account as trustee for Elisabeth's trust. Mace filed objections to the petitioner's account, alleging that the petitioner abused his discretion as trustee by making the discretionary distribution of the remaining principal of Elisabeth's trust. The petitioner moved for summary judgment dismissing the objections. The Surrogate's Court denied the motion. The petitioner appeals.
The proponent of a summary judgment motion must make a prima facie showing of [*2]entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The will provided the trustee of Elisabeth's trust with broad discretion to distribute the principal of the trust to the beneficiary. A trustee's discretion will not be disturbed where he or she has acted reasonably and in good faith (see Matter of Preiskel, 275 AD2d 171, 181; Matter of Eckert, 23 AD2d 32, 35). The petitioner's affidavit in support of his motion for summary judgment, however, was insufficient to establish his prima facie entitlement to judgment as a matter of law dismissing the objections on the basis that he did not abuse his discretion, because it was conclusory and unsubstantiated (see generally Christiana Trust v Moneta, 186 AD3d 1604, 1607; Greystone Staffing, Inc. v Green Key, LLC, 186 AD3d 1339, 1341; Emigrant Bank v Myers, 147 AD3d 1027, 1028).
Accordingly, the Surrogate's Court properly denied the petitioner's motion.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court