Hiller v DiGiacomo (2022 NY Slip Op 50281(U))

[*1]

Hiller v DiGiacomo

2022 NY Slip Op 50281(U) [74 Misc 3d 134(A)]

Decided on March 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2021-174 S C

Tracey Hiller, Respondent,
against
Giacomino DiGiacomo, Appellant. 

Giacomino DiGiacomo, appellant pro se.
Law Offices of Abbe C. Shapiro (Abbe C. Shapiro of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Fourth District (James F.
Matthews, J.), dated February 10, 2021. The order, insofar as appealed from as limited by the
brief, granted plaintiff's cross motion for summary judgment.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and plaintiff's
cross motion for summary judgment is denied.
Plaintiff commenced this action asserting a cause of action sounding in breach of contract
and alleging that defendant had breached a so-ordered stipulation entered into between the parties
by wrongfully collecting Social Security benefits for the parties' son in the amount of $7,794
during the period from June 2017 through May 2018, which sum was to be paid to plaintiff.
Defendant answered and thereafter moved for summary judgment dismissing the complaint.
Plaintiff opposed defendant's motion and cross-moved for summary judgment. In support of her
cross motion, plaintiff submitted, among other things, an affidavit, wherein she averred, as
relevant here, "Defendant cannot deny that for the time period of June 2017 through May 20,
2018 he wrongfully received SSDI payments for [their son]. The Defendant also cannot deny that
the sum he received for our son . . . was $7,794.00." As limited by his brief, defendant appeals
from so much of an order of the District Court dated February 10, 2021 as granted plaintiff's
cross motion for summary judgment. 
"The proponent of a summary judgment motion must make a prima facie showing of [*2]entitlement to judgment as a matter of law, tendering sufficient
evidence to demonstrate the absence of any triable issues of fact" (Matter of Brenhouse,
192 AD3d 887, 888 [2021]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986];
Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). A conclusory
affidavit does not establish the proponent's prima facie burden (see e.g. Matter of
Brenhouse, 192 AD3d at 888; Andriienko v Compass Group USA, Inc., 174 AD3d
558, 560 [2019]; Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 888 [2019]), and the
proponent's failure to meet this burden requires denial of the motion regardless of the sufficiency
of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v
New York Univ. Med. Ctr., 64 NY2d at 853). Plaintiff's affidavit submitted in support of her
cross motion for summary judgment was insufficient to establish, prima facie, that defendant
breached the stipulation by retaining Social Security benefits on behalf of the parties' son in the
amount of $7,794 during the period from June 2017 through May 2018, as was alleged in the
complaint, because the affidavit was conclusory and unsubstantiated by other evidence (see
Matter of Brenhouse, 192 AD3d at 888; Andriienko v Compass Group USA, Inc.,
174 AD3d at 560; Orellana v 7 W. 34th St., LLC, 173 AD3d at 888; TDS Leasing,
LLC v Tradito, 148 AD3d 1079, 1081 [2017]; Matter of New York City Asbestos
Litig., 123 AD3d 498, 499 [2014]). Therefore, the District Court should have denied
plaintiff's cross motion for summary judgment regardless of the sufficiency of defendant's
opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New
York Univ. Med. Ctr., 64 NY2d at 853).
Accordingly, the order, insofar as appealed from, is reversed and plaintiff's cross motion for
summary judgment is denied. 
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 3, 2022