Eastern Numismatics, Inc. v Burlock (2025 NY Slip Op 51156(U))

[*1]

Eastern Numismatics, Inc. v Burlock

2025 NY Slip Op 51156(U)

Decided on July 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : GRETCHEN WALSH, J.P., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-228 N C

Eastern Numismatics, Inc., Appellant,
against
Daniel Burlock and DKB Ventures, Inc., Respondents. 

Law Office of Robert S. Powers (Robert S. Powers of counsel), for appellant.
Campanelli & Associates, P.C. (Andrew J. Campanelli of counsel), for respondents.

Appeal from an order of the District Court of Nassau County, First District (Ignatius L. Muscarella, J.), dated February 1, 2024. The order granted defendants' motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, without costs.
In this action, plaintiff seeks to recover the principal sum of $8,010, the amount it claims to have paid to defendants for a number of collectable coins which, it subsequently learned, were counterfeit. Insofar as relevant to this appeal, in the attorney-verified complaint, plaintiff alleged causes of action for breach of contract, breach of warranty, and mutual mistake. 
Defendants denied liability and, following discovery, moved for summary judgment dismissing the complaint. Defendants' motion was supported in part by the affidavit of defendant Daniel Burlock, who is the principal of defendant DKB Ventures, Inc. (DKB). In his affidavit, Burlock stated that, through DKB, he owns and operates a pawn shop where he deals primarily in jewelry and, to a lesser extent, in coins. Burlock stated that, over a period of years, he had accumulated a coin collection of approximately 40 coins. He knew plaintiff and its principals to be experts in appraising and valuing rare coins, and took his collection to plaintiff's president, Eugene Parrella, for appraisal and a possible sale. Burlock stated that he had made no representations to Parrella, had provided no warranties about the value, quality, or authenticity of any of the coins, and had relied entirely upon Parrella's expertise to determine the value of the coin collection. After examining each of the coins in the collection, Parrella made a verbal offer, which Burlock accepted, to purchase the entire collection for $77,030. At some time subsequent to the sale, Parrella informed Burlock that, upon mailing some of the coins to a third party, he had been informed that a number of them were counterfeit. On this basis, plaintiff demanded an $8,010 refund. Burlock asserted that he had no way of knowing if the coins the third party had [*2]examined were those which defendants had sold to plaintiff, and that, in any event, he had sold the coins as a single collection and would not have sold the collection for $8,010 less than he received. Burlock asserted, in effect, that plaintiff had received the benefit of the parties' bargain; that he had made no warranties concerning the coins' authenticity or value; and that, since he had relied on plaintiff's expertise to value the coin collection, there had been no "mutual mistake."
In opposition to defendants' motion, plaintiff submitted an attorney's affirmation, to which were annexed a number of internet printouts which addressed the nature of defendants' business. Plaintiff also provided a typewritten, unsigned, unsworn statement bearing Eugene Parrella's name, and sworn statements by two purported numismatics experts, stating that, at the requests of Eugene Parrella and Joseph Parrella, they had examined six coins and determined them to be counterfeit. In his affirmation, plaintiff's attorney argued that, on its website, DKB holds itself out as dealing in coins and that it is thus a "merchant" under the UCC; that, under UCC 2-314, there was an implied warranty of merchantability, which defendants had breached by selling counterfeit coins; and that, because of the parties' mutual mistake as to the authenticity of the fake coins, there had, in effect, been no meeting of the minds and no valid contract. 
The District Court (Ignatius L. Muscarella, J.) granted defendants' motion, upon findings that Burlock's affidavit had established the existence of an arms' length transaction during which defendants had not made any representations about the coins, thus establishing, prima facie, defendants' entitlement to summary judgment dismissing the complaint, and that plaintiff had failed to offer anything "of probative value to controvert defendants' factual description" of the underlying transaction.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Matter of Brenhouse, 192 AD3d 887, 888 [2021]). "If the moving party meets this burden, the burden then shifts to the non-moving party to 'establish the existence of material issues of fact which require a trial of the action' " (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014], quoting Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). 
Here, Burlock's affidavit was sufficient to establish, prima facie, that defendants had performed under the contract by selling the coin collection to plaintiff for the agreed— upon price, so that there was no breach of contract. By his assertion that he had made no representations as to the value of any of the coins or their authenticity, Burlock established, prima facie, defendants' entitlement to dismissal of plaintiff's cause of action based on a breach of an express warranty. Burlock's statement that, prior to the sale, plaintiff's principal, who is an expert in the field of numismatics, had examined the coins as fully as he desired, established, prima facie, that the transaction was not subject to the implied warranty of merchantability (see UCC 2-314, 2-316 [b]). By his denial of any belief about the value or authenticity of the coins, Burlock also established, prima facie, defendants' entitlement to the dismissal of plaintiff's cause of action premised on "mutual mistake." 
Plaintiff, the principals of which have never submitted a single signed paper to the court throughout the course of this litigation, failed to submit any admissible evidence to establish the existence of a material issue of fact. While plaintiff submitted sworn statements by two [*3]purported numismatics experts attesting to the fact that they had examined six coins presented to them by Eugene Parrella and Joseph Parrella and determined that the coins were counterfeit, their statements did not include any information as to the chain of possession or otherwise verify that the coins they had examined were the same coins which defendants had sold to plaintiff. Consequently, the District Court properly granted defendants' motion for summary judgment dismissing the complaint.
Accordingly, the order is affirmed.
WALSH, J.P. and GOLDBERG-VELAZQUEZ, J., concur.
CONWAY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2025