■ ZAZU, INC., Respondent, v GIORA MANOR et al., Doing Business as E & G REALTY, Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered December 31, 1987, which denied the defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the defendants' motion granted, without costs.

This is an action for rescission of a lease and damages allegedly caused by defendants' fraud. Plaintiff and defendants entered into a lease agreement for the period from January 1, 1986 through December 31, 1990 for a portion of the basement of premises known as 140 West 36th Street in New York County. Plaintiff alleges that it was fraudulently induced to enter into the agreement by defendants' oral representations that the space could be used as a factory to manufacture specialty handbags and that defendants would construct a second means of access to the premises. Subsequently, on or about November 12, 1986, the fire department ordered plaintiff to vacate the premises due to the inadequacy of the fire exits.

In denying summary judgment the motion court stated that "the landlord may have had the obligation to reveal the restrictions on the use of the premises." Specifically, the certificate of occupancy permitted use of the cellar for "storage and boiler room."

We reverse for three reasons. First, the lease agreement states that the premises are to be used "[e]xclusively for bussiness [sic] purpose [sic] consistent with Certificate of Occupancy and zoning regulations." Second, paragraph nineteenth of the lease agreement states that the landlord makes no representations and that the agreement cannot be orally modified. Specifically, paragraph nineteenth states: "The Landlord has made no representations or promises in respect to said building or to the demised premises except those

contained herein, and those, if any, contained in some written communication to the Tenant, signed by the Landlord. This instrument may not be changed, modified, discharged or terminated orally."

Third, paragraph 3 of the rider to the lease states that no representations are made with respect to the fitness of the premises for their intended use and that plaintiff takes them " 'as is' and at its own risk, and will not hold the Landlord liable for any defects whatsoever in the demised premises."

Given the clear language of the lease agreement, it was error to deny summary judgment to the defendants. Concur—Kupferman, J. P., Kassal, Rosenberger, Wallach and Smith, JJ.