■ 127 Restaurant Corp., Appellant, v Rose Realty Group, LLC, et al., Respondents. [798 NYS2d 387]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered December 20, 2004, which, inter alia, granted in part defendants' motions for summary judgment, declaring the 2000 easement valid, unanimously modified, on the law, to deny the summary judgment motion of the Skyview defendants insofar as it seeks dismissal of plaintiff's fourth cause of action, alleging nuisance, and to reinstate that cause against the Skyview defendants, and otherwise affirmed, without costs. Order, same court and Justice, entered December 20, 2004, which denied plaintiff's motion for, inter alia, an order relieving it of its duty to pay rent, unanimously affirmed, without costs.

In 2000, the Skyview defendants and Rose Realty agreed to a relocation of the subject easement, created in 1985, to allow for the development of the burdened property. Inasmuch as the easement's relocation was expressly contemplated in the 1985 Declaration of Easement, the 2000 easement relocation was consistent with the intent of the original grant (*see Dowd v Ahr*, 78 NY2d 469 [1991]), and since the 2000 Declaration of Easement provided for the continuation of the benefit plaintiff was intended to receive under the original Declaration of Easement, it did not constitute a breach of plaintiff's lease with defendant landlord Rose Realty. While the relocated easement, as originally executed by the Skyview defendants, was affected by code violations and did not afford plaintiff a second legal egress from its premises, as it should have, there is no evidence that plaintiff sustained resultant damage and it appears that the violations have been cured.

Plaintiff's claims of partial actual eviction, constructive eviction and breach of the covenant of quiet enjoyment are not viable since the record discloses that at all relevant times plaintiff remained in full possession of the leased premises (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77 [1970]). However, there was not a sufficient evidentiary predicate for the grant of summary judgment dismissing plaintiff's nuisance cause of action against the Skyview defendants. The affidavit of counsel for the Skyview defendants, who had no personal knowledge of the underlying facts, was insufficient to establish that

Skyview's excavation of the property adjoining the premises leased by plaintiff did not substantially and unreasonably interfere with plaintiff's use and enjoyment of its leasehold (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Plaintiff's remaining arguments have been considered and found unavailing. Concur—Friedman, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.