■ Luis Rivera, Plaintiff, and Pedro Borges, Doing Business as Auto Meca, Respondent, v JRJ Land Property Corp., Appellant. [812 NYS2d 63]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered August 5, 2004, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered May 6, 2004, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

Plaintiff tenant Pedro Borges, doing business as Auto Meca, and defendant landlord JRJ Land Property Corp. entered into a lease agreement, on or about February 24, 1994, for the premises designated as 460 Timpson Place, Store 3, Bronx, New York. The lease was renewed on or about March 1, 2000.[1] There is no dispute that plaintiff has operated an automobile repair shop in the premises since 1994. Although the renewal lease provides that the demised premises are to be used as an "Auto Repair Shop," the certificate of occupancy limits the use of the space to light manufacturing. Plaintiff claims that as a result, he has repeatedly been issued summonses for illegal use of the premises, has had to close his shop on numerous occasions to avoid the police, and has lost business hours and customers.

Plaintiff commenced the within action by the service of a summons and verified complaint in or about January 2001, alleging, inter alia, breach of contract, fraud, breach of warranty of habitability and breach of warranty of quiet enjoyment. Plaintiff seeks, as set forth in the complaint, a minimum of

---

1. Neither party included a copy of the original lease in the record on appeal.

$8,000,000 in damages, rescission of the lease and restitution. Plaintiff's verified bill of particulars indicates that this action is based upon the renewal lease.

Plaintiff testified, at an examination before trial conducted on June 11, 2002, that he attempted to get a license to operate an automobile repair shop in 1994, the first year he opened his business, but could not because of the certificate of occupancy. Plaintiff further testified that prior to entering into the renewal lease, he hired an architect in order to reconfigure his space so as to cure the defects and obtain a proper certificate of occupancy. Plaintiff averred that he voluntarily closed his business for two or three days at a time to avoid the police, but could not recall how many times, or on what dates the closings occurred. Plaintiff submitted photocopies of summonses he received, which were issued on two separate dates,[2] and his income tax returns for the years 1998 through 2001, which reflected adjusted gross income of $2,627, $3,638, $5,182 and $8,045, respectively.

Defendant initially moved, in April 2003, for an order dismissing the complaint, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. The motion court, apparently without notifying the parties, or simply by applying the wrong standard, treated the motion as one for summary judgment, denied the motion, and ordered a framed issue hearing on whether defendant fraudulently induced plaintiff into executing the renewal lease. In the subsequent order on appeal, the motion court noted that the framed issue hearing never occurred owing to a party's objection that the issue of fraud was reserved for a jury and, after reviewing the papers, again denied defendant summary judgment. Defendant appeals and we now reverse.

Plaintiff, with regard to the breach of contract cause of action, has failed to identify a lease provision which would support his claim that defendant was required to obtain a certificate of occupancy relating to plaintiff's use of the premises. Indeed, paragraph 6 of the lease provides, in pertinent part, that plaintiff: "shall properly comply with all future and present laws, orders and regulations of all state, federal, municipal and local government departments, commissions and boards . . . . Tenant shall not do or permit any act or thing to be done in or on the demised premises which is contrary to law."

Paragraph 15 of the lease states, in relevant part, that:

---

**2.** Plaintiff received citations for failure to display price signs, failure to display a Department of Motor Vehicles repair shop sign, failure to display a tax certificate, no certificate of occupancy, and failure to obtain a permit for gasses under pressure.

"[Plaintiff] will not at any time use or occupy the demised premises in violation of Articles 2 or 37 hereof, or of the certificate of occupancy issued for the building of which the demised premises are a part."

Moreover, this Court's decision in *Roli-Blue, Inc. v 69/70th St. Assoc.* (119 AD2d 173 [1986]) is of no assistance to plaintiff, for in that matter it was the defendant-landlord's affirmative acts, after the lease was signed and the plaintiff-tenant had made extensive and costly renovations to the premises in order to open a restaurant, which caused the building to lose its certificate of occupancy. The certificate of occupancy in *Roli-Blue* permitted the operation of a restaurant at the time the lease was signed. Here, plaintiff, upon entering the renewal lease, was well aware that the certificate of occupancy did not permit an automobile repair shop and was, admittedly, aware of that fact for approximately six years. Plaintiff had even spoken to an architect, prior to entering into the renewal, presumably to bring the premises into compliance with the applicable laws. Since plaintiff has failed to identify an obligation set forth in the lease agreement which defendant breached, the breach of contract claims must be dismissed.

In order to state a cause of action for fraudulent inducement, the claim must allege a "material representation, known to be false, made with the intention of inducing reliance, upon which the victim actually relies, consequentially sustaining a detriment" (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 [2005]; *see also Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-408 [1958]). In this matter, plaintiff asserts that the renewal lease contains "false and erroneous representation by the defendant as to the purpose for which the leased premises could be used and occupied," a rather remarkable allegation considering that plaintiff admitted he was aware, for at least six years, that the certificate of occupancy did not permit the use of the demised premises as an automobile repair shop and that prior to executing the renewal lease, he had hired an architect for this very reason. Since plaintiff is unable to establish a material, false representation upon which he relied to his detriment, the fraud claim should also have been dismissed.

Finally, plaintiff's cause of action for breach of warranty of habitability must be dismissed since such a claim applies only to residential lease space, which is not at issue herein (Real Property Law § 235-b; *Fourth Fed. Sav. Bank v 32-22 Owners Corp.*, 236 AD2d 300, 301 [1997]; *Polak v Bush Lbr. Co.*, 170 AD2d 932, 933 [1991]), and plaintiff's cause of action for breach of the

warranty of quiet enjoyment is not viable as plaintiff has remained in full possession of the leased premises at all relevant times (*127 Rest. Corp. v Rose Realty Group, LLC*, 19 AD3d 172, 173 [2005]; *see also Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77 [1970]). Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.