Robert Landucci, Petitioner-Landlord-Respondent, 
against
Angela de la Rosa, Respondent-Tenant-Appellant.



Tenant appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Sabrina B. Kraus, J.), entered March 10, 2017, after a nonjury trial, which awarded landlord possession, a recovery of rent arrears in the principal sum of $11,600 and dismissed tenant's counterclaims in a nonpayment summary proceeding.




Per Curiam.
Final judgment (Sabrina B. Kraus, J.), entered March 10, 2017, affirmed, with $25 costs.
The commercial tenant's counterclaims for fraudulent inducement, breach of contract and breach of the covenant of good faith and fair dealing were properly dismissed by the trial court. These counterclaims, which are based upon landlord's alleged failure to disclose certain building violations that caused all utilities to be turned off, are wholly barred by the plain language of the governing lease agreement providing that tenant accepted the premises "as is" after having inspected the premises, and that tenant agreed to make all necessary repairs and replacements, "including the repair and replacement of pipes, electrical wiring, heating and plumbing systems, fixtures and all other systems and appliances and their appurtenances" (see 14 Bruckner LLC v 14 Bruckner Blvd. Realty Corp., 78 AD3d 431 [2010]; Nat's Pizzeria v 165 Lexington Ave. Assoc., 304 AD2d 389 [2003]).
A fair interpretation of the evidence also supports the trial court's finding that tenant was an "experienced restauranteur," who was represented by counsel during the lease negotiation, and that the terms of the lease put "all the onus" on getting the premises ready to operate as a restaurant/bar and lounge on the tenant. Thus, tenant could not justifiably or reasonably rely upon landlord's alleged false representations regarding the condition of the subject premises, since she failed to make use of the means of verification that were available (see UST Private Equity Invs. Fund v Salomon Smith Barney, 288 AD2d 87, 88 [2001]). Tenant also admitted at trial that at the time of the rental she knew that there was neither electricity nor gas service nor a useable kitchen at the premises (see Rivera v JRJ Land Prop. Corp., 27 AD3d 361, 364 [2006]).
Even accepting tenant's claim that she asserted a counterclaim for rescission, and that the amount in controversy did not exceed $25,000 (see CCA 213), such relief is unwarranted in view of the aforementioned lease provisions (see Zazu, Inc. v Manor, 148 AD2d 400 [1989], lv denied 74 NY2d 616 [1989]).
Tenant has not interposed any counterclaim seeking a refund of her security deposit. To the extent tenant may have such a claim, our disposition is without prejudice to the assertion of such claim in the appropriate forum.
We have considered tenant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 05, 2018