iPayment, Inc. v Silverman (2021 NY Slip Op 01846)





iPayment, Inc. v Silverman


2021 NY Slip Op 01846


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 652238/20 Appeal No. 13449-13449A Case No. 2020-03636, 2020-03637 

[*1]iPayment, Inc., Plaintiff-Appellant,
v
Andrew Silverman et al., Defendants-Respondents.


Dunnington, Bartholow & Miller LLP, New York (Sixtine Bousquet-Lambert of counsel), for appellant.
Kaplan Levenson P.C., New York (Steven M. Kaplan of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 31, 2020, which denied plaintiff's motion for summary judgment in lieu of complaint (CPLR 3213), unanimously reversed, on the law, without costs, to grant the motion. Appeal from order, same court and Justice, entered August 20, 2020, which, inter, denied plaintiff's motion to renew, unanimously dismissed, without costs, as academic. The Clerk is directed to enter judgment in favor of plaintiff for the rent arrears in the amount of $464,362.50 plus late charges and default interest pursuant to the lease, and that portion of plaintiff's action that seeks recovery of attorney's fees is severed and the issue of the amount of reasonable attorney's fees plaintiff may recover shall be determined at a hearing.
Plaintiff established its entitlement to summary judgment by submitting defendants' guaranty and evidence of their failure to pay. While a guarantee of both payment and performance does not qualify as an instrument for the payment of money only under CPLR 3213 (see Punch Fashion, LLC v Merchant Factors Corp., 180 AD3d 520, 521 [1st Dept 2020], lv dismissed 35 NY3d 1124 [2020]), paragraph 1 of the guaranty signed by defendants includes an unconditional obligation to pay all rent and additional rent owed under the sublease, and therefore does so qualify (id.); "it required no additional performance by plaintiff[] as a condition precedent to payment or otherwise made defendant[s'] promise to pay something other than unconditional" (Park Union Condominium v 910 Union St., LLC, 140 AD3d 673, 674 [1st Dept 2016]).
While the prohibition on the enforcement of commercial lease guaranties against natural persons under Administrative Code of City of NY § 22-1005 applies to businesses that were required to "cease operation" or "close to members of the public" under executive orders 202.3, 202.6, or 202.7, issued in connection with the COVID-19 pandemic, defendants never asserted that the nonparty subtenant ceased operations or closed to the public as a result of those orders.
Defendants' claim that they properly raised warranty of habitability defenses under the sublease is without merit. Such defenses are not available to defendants because all defenses under the guaranty, with the exception of prior payment, were waived. Moreover, a commercial tenant cannot avail itself of the statutory warranty of
habitability (see Real Property Law § 235-b; Rivera v JRJ Land Prop. Corp., 27 AD3d 361, 364 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021