International Dev. Inst., Inc. v Westchester Plaza, LLC (2021 NY Slip Op 02746)





International Dev. Inst., Inc. v Westchester Plaza, LLC


2021 NY Slip Op 02746


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 309727/11 Appeal No. 13729 Case No. 2019-5020 

[*1]International Development Institute, Inc., Plaintiff-Respondent,
v
Westchester Plaza, LLC, Defendant-Appellant, Greenpoint Mortgage Funding, Inc., et al., Defendants.


Borchert & LaSpina, P.C., Whitestone (Edward Vincent of counsel), for appellant.
Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about May 17, 2019, which denied defendant Westchester Plaza, LLC's motion for partial summary judgment dismissing the first through fourth, seventh through eleventh, and fourteenth causes of action, unanimously reversed, on the law, without costs, and the motion granted.
This dispute arises from the lease of the second floor of defendant's building for the intended purpose of use by plaintiff as a school. Plaintiff contends that defendant misrepresented that it would cooperate in obtaining the certificate of occupancy (CO), including by curing existing first-floor violations and carrying out the supporting work which defendant undertook to do (roof repair and electrical work). This is merely a contention that defendant never intended to perform its obligations under the lease. Plaintiff's claim for fraudulent misrepresentation must thus be dismissed as duplicative of its claims under the lease (see MMCT, LLC v JTR Coll. Point, LLC, 122 AD3d 497, 499 [1st Dept 2014]). The negligent misrepresentation claim fails for the same reason (see Greenman-Pedersen, Inc. v Levine, 37 AD3d 250 [1st Dept 2007]).
In support of its claim for fraudulent concealment, plaintiff contends that defendant should have, but did not, disclose numerous existing first-floor violations, which made it impossible to use the premises as a school, as stated in the lease, or indeed to obtain a CO at all. This contention is also unavailing. Plaintiff's own submissions demonstrate that the first-floor violations were numerous, long-standing (many dating back to the 1990s), and matters of public record. Plaintiff was a sophisticated party to an arm's-length contract and defendant expressly eschewed any warranties and presented the property for lease "as-is." It was incumbent on plaintiff to exercise full due diligence to ascertain all factors having a bearing on obtaining a CO. Plaintiff did not do so and thus cannot assert any claim for fraudulent concealment (see Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 278 [1st Dept 2005]).
Plaintiff's fraud claim underpins its claim for reformation of the lease. Since plaintiff has no viable fraud claim, its claim for reformation also fails (see Resort Sports Network Inc. v PH Ventures III, LLC, 67 AD3d 132, 136 [1st Dept 2009]; Kadish Pharm. v Blue Cross & Blue Shield of Greater N.Y., 114 AD2d 439, 440 [2d Dept 1985], lv dismissed 68 NY2d 641 [1986]).
Plaintiff contends that defendant breached the lease's express covenant of quiet enjoyment. Plaintiff remained in possession of the premises throughout the entire lease term, however. Thus, "plaintiff's cause of action for breach of the warranty of quiet enjoyment is not viable as plaintiff has remained in full possession of the leased premises at all relevant times" (Rivera v JRJ Land Prop. Corp., 27 AD3d 361, 364-365 [1st Dept 2006]).
Plaintiff's unjust enrichment cause of action is, again, premised on its allegations [*2]of fraud, which are unavailing. Nor does plaintiff seek any specific damages in connection with the unjust enrichment claim, distinct from the contract claim. In each case, plaintiff principally seeks to recoup the value of the improvements. Nor does plaintiff argue that the lease is irredeemably void. To the contrary, plaintiff continues to stand on its contract claims. Accordingly, the unjust enrichment claims must be dismissed as duplicative of the contract claims (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]).
Plaintiff's claim for tortious interference with business relations fails on multiple grounds. In the first place, while plaintiff certainly planned to establish a school at the premises, the site was never approved for such use. Plaintiff points to no evidence that it even had relations with any prospective students. Nor did defendant interfere with any such unidentified relations (see Carvel Corp. v Noonan, 3 NY3d 182, 189 [2004]). Moreover, as discussed, plaintiff has failed to establish any fraud claim. As such, plaintiff has failed to establish that defendant used any wrongful means to interfere with any business relations (see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 108 [1st Dept 2009], lv denied 15 NY3d 703 [2010]).
Plaintiff's claims for actual and constructive eviction fail, because it never surrendered possession of the premises (see Barash v Pennsylvania Term. Real Estate
Corp., 26 NY2d 77, 82 [1970]; Joon Song v MHM Sponsors Co., 176 AD3d 572, 573
[1st Dept 2019]; 127 Rest. Corp. v Rose Realty Group, LLC, 19 AD3d 172, 173 [1st Dept 2005]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021