Clarke v Fifth Ave. Dev. Co., LLC (2022 NY Slip Op 06991)

Clarke v Fifth Ave. Dev. Co., LLC

2022 NY Slip Op 06991

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 158986/20 Appeal No. 16841 Case No. 2022-02396 

[*1]Irene Clarke et al., Plaintiffs-Appellants,
v
Fifth Ave. Development Co., LLC, et al., Defendants-Respondents.

Gibson, Dunn & Crutcher LLP, New York (Mitchell A. Karlan of counsel), for appellants.
Law Office of Michael R. Koenig, New Rochelle (Robert Dashow of counsel), for respondents.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered April 22, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment, unanimously affirmed, without costs.
Plaintiffs tenants failed to establish their entitlement to summary judgment on any of the causes of action in their complaint. As to the cause of action for fraud, an arm's length transaction between a landlord and a tenant, as existed here, does not create a fiduciary relationship, and defendant landlord therefore had no affirmative duty to inform prospective tenants that repairs would take the elevator temporarily out of service (see Sehera Food Servs. Inc. v Empire State Bldg. Co. L.L.C., 74 AD3d 542, 543 [1st Dept 2010]; Dembeck v 220 Cent. Park S., LLC, 33 AD3d 491, 492 [1st Dept 2006]). Even assuming that the cause of action for fraud rests on a theory that defendants affirmatively misrepresented the elevator's availability during the lease period by, among other things, advertising elevator service on the building website, plaintiffs still did not sustain their burden on the motion, as the record presents an issue of fact whether defendants had the intent to defraud — a necessary element of a fraud claim (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]).
As to the causes of action for breach of the warranty of habitability and partial constructive eviction, an issue of fact exists as to whether plaintiffs unreasonably rejected an offer of alternative accommodation in a second-floor apartment while repairs were being done on the elevator, thus precluding summary judgment on both claims. Additionally, a tenant cannot claim constructive eviction while remaining in full possession of the leased premises (127 Rest. Corp. v Rose Realty Group, LLC, 19 AD3d 172, 172 [1st Dept 2005]), and the record presents issue of fact regarding whether plaintiffs remained in possession of the apartment — for example, whether they surrendered their keys when they left to stay at a different residence and whether they intended to permanently vacate the apartment. Those same issues of fact prevent dismissal of defendants' counterclaims for rent arrears and counsel fees.
We decline defendants' invitation to search the record and grant them summary judgment dismissing the claim for recission of the lease and awarding them judgment on their counterclaim for unpaid rent.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022