Orlitsky v 33 Greenwich Owners Corp. (2025 NY Slip Op 01192)

Orlitsky v 33 Greenwich Owners Corp.

2025 NY Slip Op 01192

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Index No. 152667/22|Appeal No. 3816|Case No. 2024-01555|

[*1]Alon Orlitsky, Plaintiff- Respondent-Appellant,
v
33 Greenwich Owners Corp., et al., Defendants-Appellants-Respondents, Century Management Services, Inc., et al., Defendants.

Braverman Greenspun P.C., New York (Tracy Peterson of counsel), for appellants-respondents.
Davidoff Hutcher & Citron LLP, New York (Ian J. Brandt of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about February 1, 2024, which, to the extent appealed and cross-appealed from as limited by the briefs, denied the motion of defendants 33 Greenwich Owners Corp. (the co-op), the Board of Directors of 33 Greenwich Owners Corp. (together, defendants) and Century Management Services, Inc. to dismiss the causes of action for trespass (first cause of action), breach of the proprietary lease (second cause of action), breach of the implied covenant of good faith and fair dealing (third cause of action), constructive eviction/breach of the covenant of quiet enjoyment (eighth cause of action), and breach of fiduciary duty (eleventh cause of action), and granted defendants' motion to dismiss the causes of action for breach of the implied warranty of habitability (fourth cause of action) and tortious interference with contract (ninth cause of action) and to dismiss the complaint as against defendant Century, unanimously modified, on the law, to grant the motion to dismiss as to the causes of action for breach of the proprietary lease, breach of the implied covenant of good faith and fair dealing, and constructive eviction/breach of the covenant of quiet enjoyment, and otherwise affirmed, without costs.
Defendants' assertion that the causes of action against them for breach of the proprietary lease, breach of the implied covenant of good faith and fair dealing, and constructive eviction/breach of the covenant of quiet enjoyment should have been dismissed based on paragraph 45 of the proprietary lease, which requires written notice and a 30-day period to cure before instituting a shareholder action against them for violation of the proprietary lease is improperly raised for the first time on appeal and is not based on a legal issue appearing on the face of the record (cf. Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], appeal denied 88 NY2d 811 [1996]). Further, the cause of action for breach of the proprietary lease is timely, as that cause of action was filed within six years of the co-op's alleged breach of the proprietary lease — refusing to permit plaintiff to sublet his apartment (see Estate of Del Terzo v 33 Fifth Ave. Owners Corp., 136 AD3d 486, 487 [1st Dept 2016], affd 28 NY3d 1114 [2016]). The four-month statute of limitations does not apply, as the cause of action as pleaded is not a challenge to the Board of Directors' sublet policy in general.
Nevertheless, the cause of action for breach of the proprietary lease should be dismissed based upon its plain terms. The complaint alleges that the co-op violated paragraph 15 of the lease by failing to grant plaintiff permission to sublet and in failing to initiate a shareholder meeting to consider the issue. However, the terms of paragraph 15 make clear that the Board of Director's consent to all sublets was required, and there was no limitation on the right to consent or withhold consent for any reason [*2]or for no reason. Further, paragraphs 4(a) and 4 (b) of the lease do not impose upon the co-op any obligation to repair alleged trespass related damages.
The cause of action for breach of the implied covenant of good faith and fair dealing should also be dismissed because the co-op's denial of plaintiff's sublease renewal "consisted entirely of acts that [it] was authorized to do under the agreement" (Karsah Intl. Inc. v Jong Soo Kim, 225 AD3d 425, 426 [1st Dept 2023]; see also 111 W. 57th Inv. LLC v 111 W57 Mezz Inv. LLC, 220 AD3d 435, 435-436 [1st Dept 2023] ["(W)here a contract allows one party to (exercise a contractual right) in its sole discretion and for any reason whatsoever, the covenant of good faith and fair dealing cannot serve to negate that provision"] [internal quotation marks omitted]).
The cause of action for breach of fiduciary duty is timely because it seeks equitable relief and was filed within six years of the December 13, 2017 letter informing plaintiff that he would no longer be permitted to sublet his apartment (see IDT Corp v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]). Further, the complaint states a cause of action for breach of fiduciary duty, as it alleges that plaintiff was singled out for disparate treatment when the Board of Directors refused its consent to allow him to sublet his apartment (see 40 W 67th St v Pullman, 100 NY2d 147, 157 [2003]). The business judgment rule does not compel dismissal of this cause of action at this early stage of the proceedings because its applicability depends on whether the Board's actions were taken in good faith, which depends in part on evidence which must be obtained in discovery(see Schwartz v Marien, 37 NY2d 487, 493 [1975]).
The complaint stated a cause of action for trespass by alleging that defendants intentionally entered plaintiff's apartment without permission or justification after the repair to the gas line was completed (see Schwartz v Hotel Carlyle Owners Corp., 132 AD3d 541, 542 [1st Dept 2015]). Because defendants' motion was made pre-answer, plaintiff should be permitted to obtain discovery to develop this claim and determine what, if anything, defendants gained from the trespass.
The cause of action for breach of the implied warranty of habitability was properly dismissed because the complaint did not allege that plaintiff lived in the apartment or spent any significant time there (see Andreas v 186 Tenants Corp., 208 AD3d 406, 408 [1st Dept 2022]). Similarly, the cause of action for tortious interference with contract was also properly dismissed because, among other things, the complaint did not allege that plaintiff's subtenant breached the sublease(see Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 594 [2012]).
However, the court should have dismissed the cause of action for breach of the covenant of quiet enjoyment/constructive eviction because the complaint did not allege that plaintiff was ousted from or had abandoned the apartment[*3](see International Dev. Inst., Inc. v Westchester Plaza, LLC,194 AD3d 411, 412 [1st Dept 2021]).
Supreme Court properly dismissed the trespass cause of action against Century, the management company, who was acting an agent for a disclosed principal (see McMahon v Cobblestone Lofts Condominium, 161 AD3d 536, 537 [1st Dept 2018]). The management agreement between Century and defendants show that Century did not have exclusive control over the building, and indeed, the complaint does not allege otherwise (see id.; Brasseur v Spernaza, 21 AD3d 297, 299 [1st Dept 2005]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025