Clarke v Fifth Ave. Dev. Co., LLC

2026 NY Slip Op 02446

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Irene Clarke et al., Plaintiffs-Respondents,

v

Fifth Ave. Development Co., LLC et al., Defendants-Appellants.

Decided and Entered: April 23, 2026

Index No. 158986/20 |Appeal No. 6439|Case No. 2025-06786|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

The Law Office of Michael R. Koenig, New Rochelle (Robert Dashow of counsel), for appellants.

Gibson, Dunn & Crutcher LLP, New York (Jeremy A. Bunting of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered October 3, 2025, which denied defendants' motion for summary judgment on their counterclaim for unpaid rent, unanimously modified, on the law, to grant defendants' motion to the extent of granting theml summary judgment as to plaintiffs' liability to pay them for use and occupancy of the subject apartment for the period from October 2020 to March 2021, during which time plaintiffs lived in the apartment after the restoration of elevator service, and otherwise affirmed, without costs.

Defendants established prima facie entitlement to summary judgment on their counterclaim for unpaid rent by submitting proof of the lease, tendering possession of the apartment to plaintiffs, and plaintiffs' nonpayment of rent after taking possession. Nevertheless there are triable issues of fact as to whether defendants fraudulently intended to induce plaintiffs to sign the lease (see Clarke v Fifth Ave. Dev. Co., 211 AD3d 460, 461 [1st Dept 2022]). On a prior appeal in this case we held that there are issues of fact with respect to, among other things, defendants' alleged intent to defraud plaintiffs into believing that the elevator would be available without disruption during the entire term of their tenancy (see id. at 461; see also Lukowsky v Shalit, 110 AD2d 563, 568 [1st Dept 1985]).

Further, we also decline to grant summary judgment on defendants' counterclaim for unpaid rent because there are issues of fact concerning whether plaintiffs were partially constructively evicted from the apartment or whether plaintiffs unreasonably rejected an offer of alternative accommodation during the elevator service disruption to the apartment (see Clarke, 211 AD3d at 461). Finally, there remain issues of fact as to whether plaintiffs ratified the lease when they moved back into the apartment in October 2020, once the elevator service had been restored, because plaintiffs commenced this action shortly thereafter. However, regardless of ratification, defendants are entitled to partial summary judgment as to plaintiffs' liability to pay them for use and occupancy of the apartment for the period from October 2020 to
March 2021 during which plaintiffs lived in the apartment after the restoration of elevator service.

We have considered defendants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026